**In the Matter of the ADOPTION OF LLV and SAV.**

**No. 8962.**

Springfield Court of Appeals, Missouri.

July 15, 1970.

Esco V. Kell, West Plains, for petitioners.

Winston Buford, Eminence, for Shannon County Office of Division of Welfare.

Friend B. Greene, Eminence, amicus curiae.

Don C. Epperson, guardian ad litem for minor children.

PER CURIAM.

TR and FR, husband and wife, petitioned· the Juvenile Division of the Circuit Court of Shannon County for permission to adopt two siblings, a boy, LLV, and a girl, SAV. § 453.010.[1]  To satisfy the requirements of § 453.080 that the persons sought to be adopted shall have been in the lawful and actual custody of the petitioners for a period of at least nine months prior to the entry of the adoption decree, petitioners also filed their petition for temporary legal custody with the court.  The paternal rights of the natural parents of the girl, SAV, had been previously terminated (§ 211.441 et seq.) and her legal custody was vested in the State Division of Welfare. § 211.501.  At the evidentiary hearing on petitioners' application to transfer the legal custody of SAV to them, the Shannon County office of the Division of Welfare appeared in opposition to the petition. After receiving all the testimony offered by both sides, the court "[f]ound and adjudged that best interest and welfare of SAV requires that petition for temporary legal custody of said child be and same is. denied."  When it was deemed that petitioners' motion for a new trial was denied (Rule 78.04), they appealed.

Although the matter has not been raised by the parties, this Court has the

---

1. Statutory references are to RSMo 1959, V.A.M.S.; rule references are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

duty, ex mero motu, to consider the appealability of the judgment. L & L Leasing Co. v. Asher, Mo.App., 440 S.W.2d 181, 182 (1). The right to appeal from the decree of adoption is granted "in the manner and form provided by the civil code of Missouri" (§ 453.060), and the right to appeal exists only when and where it is conferred by statute. Kansas City Power & Light Co. v. Kansas City, Mo., 426 S.W.2d 105, 107(2). As material here, § 512.020 provides that any aggrieved party to a suit may appeal "from any final judgment in the case," and for a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for determination. Elliott v. Harris, Mo. (banc), 423 S.W.2d 831, 832(1); Scheid v. Pinkham, Mo., 395 S.W.2d 166, 168(2). Without specific statutory authority, appeals do not lie from adverse rulings which do not finally determine and dispose of the cause. Hoevelman v. Reorganized School District R2 of Crawford County, Mo.App., 430 S.W.2d 753, 754(2). A moment's reflection is all that is needed to convince one that all the issues affecting all the parties, particularly those concerning LLV, have not been finally determined in this case.

In re Smith, Mo.App., 331 S.W.2d 169, involved the identical situation which now confronts us. The would-be adopting parents appealed from the order denying their petition for transfer of legal custody, and the St. Louis Court of Appeals dismissed the appeal because it was premature. Therefore, it is ordered that the appeal in this cause be dismissed, and that the Circuit Court of Shannon County be reinvested with authority to make a full and final disposition and determination of all the parties and issues that are herein involved.

All concur.