In the Interest of Tammy Louise BESTE a/k/a Baby Girl Beste a/k/a Melissa Lynn Shapiro.

No. 58215.

Supreme Court of Missouri, Division No. 1.

Oct. 14, 1974.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 12, 1974.

Ellsworth W. Ginsberg, Clayton, for petitioner-appellant.

Gregory D. Hoffmann, Law Student Intern, Corinne R. Goodman, Supervising Atty., Clayton, for respondent.

Allan F. Stewart, Legal Aid Society, Clayton, guardian ad litem.

HIGGINS, Commissioner.

Appeal by Barry Conrad Shapiro from orders and judgment by which preadoptive legal and physical custody of Tammy Louise Beste a/k/a Baby Girl Beste a/k/a Melissa Lynn Shapiro was terminated in Barry Conrad and Marjorie Shapiro, and legal and physical custody of the child was placed in Family Services, St Louis County Welfare Office, for placement of the child in the best available adoptive home. Appellant asserts presence of questions involving construction of the Constitution of the United States and of this state. Jurisdiction on that ground is doubtful; however, this case involves the welfare of an infant, and it is retained for decision in the interest of an early resolution of her situation. See Order, Supreme Court, en banc, April 9, 1973; In Interest of W.H.J., Jr., 511 S.W.2d 795 (Mo.1974).

Tammy Louise Beste is an illegitimate female child born May 27, 1971. Parental rights of her natural mother were terminated July 26, 1971, and custody of the child was transferred to Family Services, St. Louis County Welfare Office, for foster care and placement in an adoptive home.

On September 2, 1971, upon request of Family Services for permission to place the child in the prospective adoptive home of Barry and Marjorie Shapiro, the court approved the placement and transferred custody of the child to the "Prospective Adoptive Parents, subject to supervision by your agency [Family Services] and the continuing jurisdiction of this Court." The request of Family Services was based upon information received by the agency from Mr. and Mrs. Shapiro, doctors, employers, and others who were in a position to comment on the suitability of the child for adoption and of Mr. and Mrs. Shapiro as prospective adoptive parents. The information received from Mr. and Mrs. Shapiro represented a stable marriage without separations from the date of their marriage, August 31, 1968. Information adduced at the hearings, to be described subsequently, revealed that Mr. and Mrs. Shapiro had experienced preplacement marital difficulties which they withheld from the agency. Such information would have significantly affected the preplacement decision to request placement of the child with Mr. and Mrs. Shapiro.

While Mr. and Mrs. Shapiro had preadoptive custody of the child, they experienced marital difficulties and were separated on February 2, 1972, and on May 15, 1972. Family Services was informed of the first separation by Mrs. Shapiro, and of the second by Mrs. Shapiro on May 16, 1972, and Mr. Shapiro on May 17, 1972.

On May 17, 1972, physical custody of the child was removed from Mr. and Mrs. Shapiro and the child was taken to detention in the juvenile court pursuant to a *capias* issued by the court. On May 30, 1972, on recommendation of Family Services and on its own motion, the court transferred

legal and physical custody of the child from Mr. and Mrs. Shapiro to Family Services for family foster home care.

On July 13, 1972, Barry Conrad Shapiro filed "Motion to Stay Placement of Baby Girl Beste" pending hearing on his "Motion * * * to Expunge from the Record, Set Aside and Hold for Naught, Alleged Orders of Court of May 30, 1972 and to Reinstate Order of September 2, 1971," on ground the order was "inserted in the record without hearing, notice of hearing, and in violation of the due process clause * * *." These motions were heard and argued July 25, 1972. The motion to set aside the order of May 30, 1972, was overruled; the motion to stay placement was sustained.

On August 4, 1972, Mr. Shapiro filed notice of appeal to the supreme court from the order of July 25, 1972.[1]

Subsequently, Mr. Shapiro's attorney conferred with the court and "the Court advised him that in its opinion he was entitled to a hearing on the right of the Court to remove the child from the physical custody of either of the two parties * * *." Mr. Shapiro advised the court that he and Marjorie Shapiro were, or were to be, divorced. The divorce was accomplished September 7, 1972.

On September 12 and 13, 1972, without further pleadings, a full-blown hearing was accorded. The court suggested that the hearing "would proceed by having the reason why this Court entered its order based upon evidence furnished to it by the Family Services of St. Louis County, and * * * would proceed on the basis of having Family Services present their evidence for removal of the child from the physical custody of both the Shapiros, and that thereafter the guardian or the attorney for Mr. Shapiro would be permitted to put on evidence, and thereafter, the guardian ad litem would be permitted to put on

evidence." This procedure was followed to the extent that upon conclusion of the hearing the court observed, in taking the matter under advisement: "I really intended for the hearing to be a hearing relating to whether the Court had sufficient ground on May 17th to take the child and sufficient information to enter the legal order that it entered. The testimony was not confined to that issue. The testimony went beyond that issue and * * * into the issue * * * whether Mr. Shapiro is a competent person to have a child, or of the return of the child that was placed by the agency * * *."

The court held the matter under advisement until November 7, 1972, when the court ordered "that Baby Girl Beste a/k/a Tammy Louise Beste a/k/a Melissa Lynn Shapiro remain in the legal and physical custody of Family Services, St. Louis County Welfare Office, for placement in the best available adoptive home."

On November 14, 1972, Barry Conrad Shapiro filed "Motion to Stay Placement of Baby Girl Beste" pending hearing on his "Motion * * * to have Judgment and Decree of November 7, 1972, Set Aside and be Held for Naught and for Entry of Judgment and Decree in Favor of Barry Conrad Shapiro, Prospective Adoptive Father, or, in the Alternative to Grant said Barry Conrad Shapiro a New Trial," and "Request for Oral Hearing."

On November 27, 1972, the motion for new trial and request for oral hearing were denied.

On December 21, 1972, the court set aside its order of November 27, 1972, and on December 22 again overruled the motion for new trial and request for oral hearing.

On December 23, 1972, Barry Conrad Shapiro filed his notice of appeal from the action of the trial court. His jurisdiction-

1. This appears by way of a Motion for Withdrawal of Appeal filed in and sustained by the circuit court January 23, 1973.

al statement is: "This action is one involving the question of whether a memorandum filed * * * dated May 30, 1972 * * * was a valid court order inasmuch as the record on its face patently shows that the alleged order was inserted * ˌ * * without hearing, notice of hearing and in violation of the due process clause * * *, the equal protections of the laws * * *, and that a subsequent hearing * * * [shifted] the burden of proof to Appellant * * *." This jurisdictional statement furnishes the basis for the four constitutional points appellant would raise on this appeal.

There is some difficulty in determining whether this appeal is from the action of the court in removing physical custody of the child from Mr. and Mrs. Shapiro on May 17, 1972; or the order of May 30, 1972, confirming that action and transferring legal custody of the child from Mr. and Mrs. Shapiro to Family Services for foster care; or from denial of Mr. Shapiro's motion to set aside the order of May 30, 1972, on July 25, 1972; or the order of November 7, 1972, which, after hearing, confirmed all that had occurred since May 17, 1972, and continued legal custody of the child in Family Services for placement in the best available adoptive home; or from the order and judgment of November 27 and December 22, 1972, denying his alternative motion for judgment or for a new trial.

In any event, appellant has a fundamental difficulty on this appeal that precludes treatment of any of his contentions.

■ All appeals are statutory in origin and must be taken in compliance with the appropriate statutes.

■ If this appeal is under the Juvenile Code, appellant must come within the class of persons entitled to appeal. § 211.261, RSMo 1969, V.A.M.S., provides for an appeal to be taken "on the part of the child,"

and that "an appeal shall be allowed to a parent." The Juvenile Code, Chapter 211, RSMo 1969, V.A.M.S., is a complete act or law within itself, and Section 211.261, supra, is construed to require all appeals under the Code to be taken in compliance with that section. In re C, 314 S.W.2d 756, 759[4] (Mo.App.1958). Appellant would take this appeal in his own behalf and he is not the parent of the child. " 'Parent' means either a natural parent or a parent by adoption and if the child is illegitimate, 'parent' means the mother." § 211.021[5], RSMo 1969, V.A.M.S. Accordingly, appellant is not authorized under the Juvenile Code to pursue this appeal.

■ If appellant is proceeding under the Adoption Code, Chapter 453, RSMo 1969, V.A.M.S., his appeal is premature. In In re Adoption of LLV and SAV, 457 S.W.2d 2 (Mo.App.1970), appellants had filed a petition for temporary legal custody of children for purposes of subsequent adoption. The appeal from denial of this petition was dismissed. "The right to appeal from the decree of adoption is granted 'in the manner and form provided by the civil code of Missouri' (§ 453.060), and the right to appeal exists only when and where it is conferred by statute. * * * As material here, § 512.020 provides that any aggrieved party to a suit may appeal 'from any final judgment in the case,' and for a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for determination. * * * Without specific statutory authority, appeals do not lie from adverse rulings which do not finally determine and dispose of the cause. * * * A moment's reflection is all that is needed to convince one that all the issues affecting all the parties, particularly those concerning LLV, have not been finally determined in this case." 457 S.W.2d 3. See also In re Smith, 331 S.W.2d 169 (Mo.App.1960). Accordingly, appellant can perfect his appeal under the Adoption Code only after filing a petition

534

for adoption and taking the appeal in the event his petition is denied.

Appeal dismissed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.