**In the Matter of BABY GIRL B_____.**

No. 37862.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 21, 1976.

Richard A. Ong, St. Louis, Margaret M. Nolan, Clayton, Robert O. Hetlage, David Schwartze, St. Louis, for appellant.

WEIER, Presiding Judge.

This appeal was taken from a judgment of the Juvenile Division of the Circuit Court

of St. Louis County dated September 23, 1975, in which the court denied the petition of Barry C. Shapiro and Sharen Sue Shapiro, his wife, for transfer of custody and adoption of Baby Girl B_____. At the same time, the court granted the adoption petition of other adoptive parents.

On July 26, 1971, the child had been transferred from its natural mother to the St. Louis County Division of Family Services (hereinafter Family Services) for foster care and placement in the best available adoptive home. The parental rights of the mother were terminated in that same order. Following an investigation of Barry Shapiro and his second and previous wife, Marjorie, Family Services requested the Juvenile Court to order the custody of Baby Girl B_____ transferred from that agency to the Shapiros. An order in conformance with this request was entered on September 2, 1971, the child remaining subject to supervision of the agency and continuing jurisdiction of the Juvenile Court.

Barry and Marjorie Shapiro had a history of marital difficulties which they had hidden from the agency during its investigation. Their situation did not improve, and they separated twice after obtaining custody of the child. On September 7, 1972, Barry and Marjorie were divorced. On May 17, 1972, after their final separation, but before the divorce, the child was removed from Mr. Shapiro's physical custody pursuant to a capias order issued by the Juvenile Court on the recommendation of Family Services. On May 30, 1972, the Juvenile Court entered its order transferring the legal and physical custody of the child from Mr. and Mrs. Shapiro to Family Services. These facts were previously detailed in an opinion of the Missouri Supreme Court in *In Interest of Beste,* 515 S.W.2d 530 (Mo.1974).

As reported in *In Interest of Beste, supra,* the previous order of the court transferring custody back to Family Services was set aside and a full hearing was had in regard to the right of the court to change the physical custody of the child. Evidence was adduced, and upon the conclusion of the hearing, the court ordered that the child remain in the legal and physical custody of Family Services. Following the adverse ruling on an after-trial motion, Shapiro appealed, and in its opinion the Supreme Court stated, *supra* at 533, that this like all cases is governed by the rule that all appeals are statutory in origin and must be taken in compliance with the appropriate statutes. The opinion then points out that under the Juvenile Code an appellant must come within the class of persons entitled to appeal. Section 211.261, RSMo 1969, provided for an appeal to be taken "on the part of the child" by a parent. In view of the fact that all appeals must be taken in compliance with this section, since appellant is not the parent of the child, he had no standing to pursue the appeal.

■ On this appeal, petitioners Barry and Sharen Sue Shapiro (Barry's third wife) contend that: "The Order of the Court transferring the custody of Baby Girl Beste from Mr. and Mrs. Shapiro to the Family and Welfare Services Agency was made without prior notice to Mr. Barry Shapiro, thereby depriving him of an opportunity to be heard and thus violative of the Due Process Clause of the 5th and 14th Amendments of the Constitution of the United States and equal protection of the Laws under the 14th Amendment of the Constitution of the United States and Article 1, Section 2 of the Constitution of the State of Missouri, 1945." This is identical to the issue raised by Mr. Shapiro's prior appeal wherein the Supreme Court held that Barry Shapiro lacked standing to appeal. Mr. Shapiro was not a parent as defined in § 211.021(5), RSMo 1969, and therefore cannot appeal pursuant to § 211.261. This contention is without merit and is therefore denied.

■ The second contention advanced by petitioners is that the order dated September 23, 1975 denying their petition for transfer of custody and adoption was not in the best interest of the child. We review court tried cases on appeal upon both the law and the evidence as in suits of an

**698**

equitable nature, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01. This means that the decree or judgment of the trial court will be sustained by the appellate court (1) unless there is no substantial evidence to support it, (2) unless it is against the weight of the evidence, (3) unless it erroneously declares the law, or (4) unless it erroneously applies the law. Our exercise of the power to set aside a decree or judgment on the grounds that it is "against the weight of the evidence" is exercised with caution and "with a firm belief that the decree or judgment is wrong". *Murphy v. Carron,* 536 S.W.2d 30, 32[1, 2] (Mo. banc 1976). From a careful review of the record we have determined that the judgment of the court was supported by substantial evidence and was not against the weight of the evidence. Petitioner Barry Shapiro has a varied work history, shifting jobs several times during the five years preceding the day of the hearing. His annual income was estimated at $25,000.00 but he was not a salaried employee and worked on a commission basis. He had been employed at his present position only three weeks at the time of the hearing, so a true picture of his income would be difficult to ascertain. He had two prior unhappy marriages, and the petitioner-wife had one previous marriage. The short duration of this marriage at the time of the hearing did not illustrate a stable, secure environment for a child. During the investigation of his home with regard to the instability of his second marriage by Family Services, he withheld information. Such withholding constitutes misrepresentation and alone may be sufficient for a finding that petitioner-husband was not a suitable custodian for the child. *H———— v. D————,* 373 S.W.2d 646, 654[3] (Mo.App.1963).

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.