**In the Interest of R.M.P., a Minor.**

No. 58392.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 28, 1991.

Teri Cromley Gonder, Columbia, for appellant.

Robert M. Lynn, Hannibal, for respondent.

KAROHL, Presiding Judge.

R.M.P. was born on August 12, 1987. After both parents were imprisoned, the Juvenile Court of Monroe County awarded legal custody of R.M.P. to the Missouri Division of Family Services (Division). It also ordered physical custody to L.T., a maternal uncle, and D.T., his wife. L.T. and D.T. (custodians) appeal from an order entered by the juvenile court which withdrew the previous order placing R.M.P. in their home. L.T. and D.T. allege the juvenile court erred in denying their motion to intervene and participate in the consideration of the motion to modify filed by a deputy juvenile officer. They claim a right to intervene under Rule 52.12(a). Appeal dismissed.

A brief statement of the facts will be sufficient. On April 24, 1989, R.M.P. was placed with L.T. and D.T., maternal uncle and his wife of Columbia, Missouri. On May 31, 1989, after Chapter 211 abandonment proceedings, the court placed R.M.P. in the legal custody of the Division and granted physical custody to L.T. and D.T. The Division placed R.M.P.'s teenage sister with custodians. She resided with them from May 25, 1989, to November 1, 1989, when custodians sent her back to the Division.

In November 1989, the Division sent custodians a letter notifying them of its intention to remove R.M.P. from their home. On November 16, 1989, the Division placed R.M.P. with a foster family. The same day a juvenile officer filed a motion under the authority of § 211.251 RSMo Cum.Supp. 1990 to modify the previous order of physical custody. The provisions of this section are important to the decision:

**211.251. Modification of court orders.**—1. A decree of the juvenile court made under the provisions of section 211.181 may be modified at any time on the court's own motion.

2. The juvenile officer, the parent, guardian, legal custodian, spouse, relative or next friend of a child committed to the custody of an institution or agency may, at any time, petition the court for a modification of the order of custody. The court may deny the petition without hearing or may, in its discretion, conduct a hearing upon the issues raised and may make any orders relative to the issues as it deems proper.

3. The authority of the juvenile court to modify a decree is subject to the provisions of chapter 219, RSMo.

The motion to modify alleged continuation of placement with custodians would be contrary to the best interest and welfare of R.M.P. and interfered with a continued close family bond with siblings. On May 1, 1990, custodians filed a motion for leave to intervene under Rule 52.12(a). The court denied the motion, held a hearing on the motion to modify and withdrew the prior order of physical custody.

■ On appeal custodians claim they were necessary parties under Rule 52.12(a)(2) and that *their* due process rights were violated when R.M.P. was removed from their custody without notice or hearing. We have previously noted removal was after notice. We further note the right to appeal is statutory in nature. *Estate of Seabaugh*, 654 S.W.2d 948, 957 (Mo. App.1983). Thus, in order to have standing to appeal, custodians must derive authority from either § 512.020 RSMo 1986 or § 211.261 RSMo 1986. Appeals in juvenile proceedings require strict compliance with the statutes. *In the Interest of J.L.H.*, 647 S.W.2d 852, 856 (Mo.App.1983).

■ For the following reasons, we sustain motion of juvenile officer which is taken with the case to dismiss the appeal. First, the only necessary parties to a Chapter 211 proceeding are those persons protected by the statutory right to appeal found in § 512.020 RSMo 1986 or § 211.261 RSMo 1986.

■ Second, the result we reach is supported by the provisions of § 211.261 RSMo 1986 which limit the protection of appeal only to child, parent and representative of child "on the part of the child." Custodians claim on appeal a denial of their "rights." Chapter 211 makes no provision for the protection of property rights in a juvenile by relatives.

Third, L.T. and D.T. are not legally aggrieved by the order from which they attempt to appeal. *See* § 512.020 RSMo 1986. They have no "rights" to physical custody of R.M.P. and the withdrawal of the privilege does not confer status as an aggrieved party. Further, § 211.251.1 RSMo Cum.Supp.1990 authorized the court to modify its previous placement order "at any time on the court's own motion." Also, the court was authorized by § 211.251.2 RSMo Cum.Supp.1990 "in its discretion, [to] conduct a hearing upon the issues raised. . . ." The hearing in which custodians wished to participate was not mandatory.

Fourth, § 211.251.2 RSMo Cum.Supp. 1990 authorizes L.T. as a relative to file "at any time, [a] petition . . . for a modification of the order of custody." This remedy was available for custodians before, simultaneously with or after the motion to modify filed by the juvenile officer. Hence, § 211.251.2 provides custodians a full opportunity to bring to the court's attention all matters of importance for the best interest of R.M.P. and, thereafter, appeal on behalf of the child. Accordingly, custodians were not necessary parties in order to protect any direct interest which they may claim, if any, and any indirect concern in the best interest of R.M.P. because of a motion filed by the juvenile officer.

Fifth, § 211.021(4) RSMo 1986 defines the rights and obligations of the Division as legal custodian. The Division has "the right to the care, custody and control of [R.M.P.] and the duty to provide food, clothing, shelter, ordinary medical care, education, treatment and discipline of [R.M.P.]." Section 211.021(4) RSMo 1986.

Chapter 211 does not define a physical custodian. Moreover, § 211.021(6)(a) RSMo 1986 does not permit a finding that L.T. and D.T. are foster parents. Foster parents are defined as non-relatives. Accordingly, we conclude custodian's claim, as physical custodians, is not based upon any provisions of Chapter 211. Their status was subordinate to the rights and obligations of the Division. L.T. and D.T. were not legally obligated to continue as physical custodians and were free to return R.M.P. to the Division at any time. They exercised this option with R.M.P.'s teenage sister.

We have carefully examined the entire record presented with the appeal. There is no apparent reason discernable from the record why the court chose not to permit L.T. and D.T. to participate in the proceedings on juvenile officer's motion to modify. They were relatives and physical custodians under the previous order of the court. However, they did not request and the court did not deny permissive intervention under Rule 52.12(b).

Motion of deputy juvenile officer to dismiss this appeal is sustained.

CRIST and CRANE, JJ., concur.