**In the Interest of J— A— D—, a child under seventeen years of age.**

**R— L— and K— L—, Appellants.**

**No. 19796.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 18, 1995.

Chris L. Weber, Checkett & Pauly, P.C., Carthage, for appellants.

William E. White, Joplin, for respondent, Juvenile Officer of Jasper County.

CROW, Judge.

Appellants, foster parents of J— A— D— ("the child"), appeal from an order of the Juvenile Division of the Circuit Court of Jasper County ("the juvenile court,"

§ 211.021(3)[1]) taking the child from them and placing him "in the physical custody" of another couple.

Respondent, the Juvenile Officer of Jasper County, maintains that § 211.261.1, which governs appeals from such orders, does not grant Appellants the right to appeal. For the reasons that follow, we agree with Respondent and dismiss the appeal. We set forth only the facts necessary to address that issue.

The child was born May 3, 1992. Fifteen days later, Respondent filed a petition in the juvenile court alleging the child was without proper care, custody or support. The petition prayed the court to take jurisdiction of the child per § 211.031.1(1)(b), RSMo Cum. Supp.1991.[2] The juvenile court held a hearing September 22, 1992, and found it had jurisdiction over the child under that statute. The court then addressed the issue of disposition and placed the child in the custody of the Division of Family Services ("DFS") for "foster care placement."

In November, 1993, after two successive foster home placements, DFS placed the child in foster care with Appellants.

On March 3, 1994, the child's mother filed a "Motion to Modify" per § 211.251.2, averring that "relatives" had expressed an interest in having the child placed with them until the mother "recovers from several stressful matters that have been pending in her life." The motion identified the relatives as D__ B__ and V__ B__, husband and wife, residents of Nebraska.[3] The motion prayed the juvenile court to place the child with the Nebraska couple, subject to DFS supervision through the "Interstate Compact."

On May 16, 1994, Appellants filed a "Motion to Intervene" in the juvenile court. The motion averred intervention was sought "for the purpose of objecting to a transfer of the child from [Appellants'] foster care to that of [the Nebraska couple]." The juvenile court granted Appellants' motion the day it was filed, apparently without a hearing.

On August 16, 1994, the juvenile court held a hearing on the motion to modify. The Chief Deputy Juvenile Officer appeared; the child appeared by his guardian ad litem; the mother appeared in person and with counsel; Appellants appeared in person and with counsel; the Nebraska couple appeared in person and with counsel. The Nebraska couple presented evidence, as did Appellants and the mother.

On September 1, 1994, the juvenile court found it was in the child's best interest that he remain in the "legal care and custody" of DFS and be placed in the physical custody of the Nebraska couple. The court entered an order to that effect. This appeal followed.

Respondent cites § 211.261.1, which reads:

"An appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of this chapter and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend. An appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of this chapter which adversely affects him. An appeal shall be allowed to the juvenile officer from any final judgment, order or decree made under this chapter...."

Respondent refers us to *In Interest of Beste*, 515 S.W.2d 530 (Mo.1974), where a man who (together with his wife) had been awarded "preadoptive legal and physical custody" of a child appealed from a subsequent order restoring custody of the child to DFS. The Supreme Court of Missouri held:

"All appeals are statutory in origin and must be taken in compliance with the appropriate statutes.

(1) Involving any child ... who may be ... found within the county and who is alleged to be in need of care and treatment because:

....

(b) The child ... is ... without proper care, custody or support...."

---

1. References to statutes are to RSMo 1994 unless otherwise indicated.

2. Section 211.031, RSMo Cum.Supp.1991, reads, in pertinent part:

"1. ... the juvenile court shall have exclusive original jurisdiction in proceedings:

3. V__ B__ testified her stepmother's mother is a sister of the child's mother's grandmother.

... The Juvenile Code, Chapter 211, ... is a complete act or law within itself, and Section 211.261 ... is construed to require all appeals under the Code to be taken in compliance with that section."

*Id.* at 533[2] and [3]. Inasmuch as the appellant in *Beste* was not a person authorized by § 211.261 to appeal, the Supreme Court dismissed the appeal.[4] *Id.* at 534.

Respondent argues that because Appellants are not among the classes of persons allowed to appeal by § 211.261.1, and because Appellants "are not entitled to a civil appeal" under § 512.020, the appeal must be dismissed.

Appellants tacitly concede they are not among the classes of persons upon whom § 211.261.1 confers the right to appeal, and Appellants claim no right to appeal under § 512.020. However, Appellants assert their appeal is authorized by Rule 120.01.a,[5] which reads:

"An appeal shall be allowed to the juvenile from any final judgment made under the Juvenile Code and may be taken on the part of the juvenile by the custodian."

Appellants maintain that as foster parents, they are custodians of the child within the meaning of the above rule. They reach that conclusion by the following route.

They begin with the definition of "custodian" in Rule 110.05.a(4), which reads:

"custodian" means parent, spouse of a juvenile, guardian of the person, guardian ad litem, or a person having legal or actual custody of a juvenile[.]

Appellants reason that because "custodian," as defined above, includes both a person who has legal custody of a juvenile and a person who has actual custody of a juvenile, the Supreme Court of Missouri, which promulgated the definition, recognized a difference exists between legal custody and actual custody. In support of that premise, Appel-

lants direct us to the definition of "legal custody" in Rule 110.05.a(13), which reads:

"legal custody" means the right to the care, custody and control of a juvenile and the duty to provide food, clothing, shelter, ordinary medical care, education, treatment and discipline to a juvenile[.][6]

Appellants point out that unlike "legal custody," the Supreme Court of Missouri promulgated no definition of "actual custody."

From there, Appellants proceed to *In Interest of R.K.W.*, 689 S.W.2d 647 (Mo.App. W.D.1985), which holds: "Foster parents have physical custody but DFS has legal custody." *Id.* at 650[3], citing *Matter of Trapp*, 593 S.W.2d 193, 204–05 (Mo. banc 1980).

Appellants equate "physical custody," as used in *R.K.W.*, with "actual custody," as used in the definition of "custodian" (Rule 110.05.a(4), quoted *supra*). Therefore, say Appellants, their actual custody of the child at the time the juvenile court entered the order placing him with the Nebraska couple gives them (Appellants) standing to appeal as "custodians" per Rule 120.01.a, quoted *supra*.

The instant case is like *Trapp* in two respects. In *Trapp*, the juvenile court took jurisdiction of four children based on a finding of neglect. 593 S.W.2d at 195. In the instant case, the juvenile court likewise took jurisdiction of the child based on a finding of neglect. Secondly, the juvenile court in *Trapp* placed the children in the legal custody of DFS, which in turn put them in foster care. *Id.* As we have seen, that was also done in the instant case, Appellants being the child's third foster placement.

In *Trapp*, the mother sought to regain custody of the children. The foster parents of one child moved to intervene, alleging they wanted to adopt the child. The juvenile court allowed intervention. The mother's effort to regain custody failed in the juvenile court. On appeal, the mother claimed the

---

**4.** The Supreme Court also considered whether the appeal in *Beste* was authorized by the Adoption Code, chapter 453, RSMo 1969, and held it was not. 515 S.W.2d at 533–34.

**5.** Rules 110 through 128 govern practice and procedure in juvenile courts under chapter 211,

RSMo. Rule 110.01, Rules of Practice and Procedure in Juvenile Court (1994).

**6.** An identical definition of "legal custody" appears in § 211.021(4), except "child" is used instead of "juvenile."

juvenile court wrongly allowed the foster parents to intervene.

The Supreme Court of Missouri agreed, explaining: "The legal right to custody is in [DFS]; the foster parents retain physical custody as agents of [DFS]." *Id.* at 204–05. Noting that one seeking intervention must claim an interest relating to the subject of the action, the Supreme Court held the foster parents had no such interest. *Id.* at 204[13]. The opinion also said: "[The foster parents] have no right to appeal the judgment in the proceeding. § 211.261, RSMo 1978." 593 S.W.2d at 204. For those reasons and others, the Supreme Court held the foster parents had no right to intervene.

Appellants say *Trapp* does not bar their appeal because the issue in *Trapp* was whether the foster parents had the right to intervene, not whether they had the right to appeal. Additionally, Appellants argue that even if *Trapp* establishes that foster parents have no right to appeal, the holding has been superseded by the present version of Rule 120.01.a.

When *Trapp* was decided, Rule 120.01.a read:

"An appeal shall be allowed to the juvenile from any final judgment made under the Juvenile Code and may be taken on the part of the juvenile by his parent, guardian, legal custodian, spouse, relative or next friend."

The classes of persons enumerated in that version of Rule 120.01.a are identical to the classes of persons enumerated in the first sentence of § 211.261.1 (quoted *supra*).

The present version of Rule 120.01.a (quoted *supra*) took effect January 1, 1982, two years after *Trapp*. As we have seen, the present version allows an appeal by the "custodian." Consequently, Appellants insist *Trapp* does not compel dismissal of their appeal.

For the reasons that follow, we need not decide whether Appellants had "actual custody" of the child within the meaning of that term as used in the definition of "custodian," Rule 110.05.a(4) (quoted *supra*), at the time the juvenile court entered the order placing the child with the Nebraska couple.

Our reasoning begins with Art. V, § 5 of the Constitution of Missouri (1945, amended 1976), which reads, in pertinent part:

"The supreme court may establish rules relating to practice, procedure and pleading for all courts ... which shall have the force and effect of law. The rules shall not change ... the right of appeal."

■ The right to appeal is established by statute. *Committee for Educational Equality v. State of Missouri*, 878 S.W.2d 446, 450[2] (Mo. banc 1994). Consequently, without underlying statutory authority there is no right to appeal. *United Labor Committee, Inc. v. Ashcroft*, 572 S.W.2d 446, 447[1] (Mo. banc 1978). Appeals in juvenile proceedings, as in other cases, are purely statutory in origin. *In the Interest of J.L.H.*, 647 S.W.2d 852, 856 (Mo.App.W.D.1983). Accord: *In the Interest of T.O.*, 746 S.W.2d 637, 638[1] (Mo.App.E.D.1988).

■ The constitutional authority of the Supreme Court of Missouri to establish rules relating to practice, procedure and pleading does not confer authority to change the laws relating to the right of appeal. *In the Interest of T___ G___, Jr.*, 455 S.W.2d 3, 8–9[9] (Mo.App.1970). Accordingly, if foster parents had no statutory right to appeal from a juvenile court order in a neglect proceeding prior to the effective date of the present version of Rule 120.01.a (January 1, 1982), they still have no right to appeal. That is because the present version of Rule 120.01.a could not constitutionally change or enlarge the right of appeal as it existed at the time that version of the rule took effect. *Cf. State v. Pottinger*, 365 Mo. 794, 287 S.W.2d 782, 784[2] (1956).

The classes of persons allowed to appeal on behalf of a child in a juvenile proceeding under § 211.261, RSMo 1978 (the version in effect when *Trapp*, 593 S.W.2d 193, was decided), remain unchanged in the present version of § 211.261.1 (quoted *supra*). As observed earlier, *Trapp* declared foster parents have no right to appeal. 593 S.W.2d at 204. While it is arguable that the statement is dictum, the holding that foster parents have no right to intervene in a neglect proceeding clearly is not. That being so, it would be

illogical to hold that if a juvenile court mistakenly allows a foster parent to intervene in a neglect proceeding, the foster parent thereby acquires the right to appeal if he is dissatisfied with the outcome.

We therefore hold Appellants have no right to appeal because (a) § 211.261.1 does not confer such a right upon them, and (b) the present version of Rule 120.01.a cannot change or enlarge the right to appeal established by § 211.261.1. Having decided that, it is unnecessary to consider whether Appellants had "actual custody" of the child within the meaning of that term as used in the definition of "custodian," Rule 110.05.a(4).

We have studied *In the Interest of R.M.P.*, 811 S.W.2d 61 (Mo.App.E.D.1991), cited by both sides, and have concluded it provides no guidance. In *R.M.P.*, the appeal was brought by an uncle and his wife. The opinion held the uncle was a relative of the child within the meaning of § 211.251.2, RSMo Cum.Supp.1990. 811 S.W.2d at 62. In the instant case, Appellants are not relatives of the child. Additionally, the uncle and his wife in *R.M.P.* claimed the order of the juvenile court removing the child from them violated their rights. *Id.* As we understand the opinion, the appellate court viewed the appeal as an attempt by the uncle and his wife to protect an alleged property right of theirs in the child, not as an appeal on the part of the child. *Id.* In the instant case, Appellants disavow any "property rights" in the child. The thrust of their claims of error is that placing the child with the Nebraska couple is not in the child's best interest.

■ While Appellants' concern for the child's best interest is commendable, it supplies no authority for the appeal. Section 211.261.1 (quoted *supra*) authorizes certain classes of persons to appeal on the part of the child. Consequently, if a juvenile court order in a neglect proceeding is contrary to a child's best interest, there are persons with statutory authority to appeal on the child's behalf. Foster parents are not among those persons. Whether it would be wise public policy to allow appeals by foster parents in such instances is for the General Assembly to decide, not us.

Finding no statutory authority for Appellants' appeal, we order it dismissed.

GARRISON, P.J., and PREWITT, J., concur.