

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| IN THE INTEREST OF: L.N.G.S.; ) | |
| ) | WD85072 |
| Juvenile, ) | |
| ) | OPINION FILED: |
| JUVENILE OFFICER; and ) | |
| ) | September 6, 2022 |
| Respondent, ) | |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| SOCIAL SERVICES, CHILDREN'S ) | |
| DIVISION, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| v. ) | |
| ) | |
| A.S. AND A.S., ) | |
| ) | |
| Appellants. ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**Honorable Alisha Diane O'Hara, Judge**

**Before Division One:**
**Janet Sutton, Presiding Judge, Alok Ahuja and Karen King Mitchell, Judges**

A.S. and A.S. (the relatives) appeal a Clay County juvenile court judgment assuming jurisdiction over L.N.G.S. (the child) under section 211.031 and placing the child in Children's Division care and custody for placement in alternative care.[1] The relatives bring this appeal based on the juvenile court's denial of their motion to

---

[1] All statutory references are to RSMo 2016 as supplemented.

continue the adjudication hearing. We would ordinarily dismiss the appeal because we do not believe the relatives are entitled to appeal under section 211.261. However, because of the split of authority on the issue of whether an appealing party can rely on section 512.020 to confer authority to appeal as an "aggrieved party" when they are excluded by section 211.261 to appeal a juvenile court judgment issued under chapter 211, we do not finally decide the relatives' appeal, and instead order this appeal be transferred to the Supreme Court of Missouri for final disposition pursuant to Rule 83.02.

### Factual and Procedural Background

The child was born on March 7, 2020. The natural mother executed a consent to termination of parental rights and adoption, and, in early June 2020, the relatives, the child's aunt and uncle, filed a petition for transfer of custody and adoption. On June 7, 2021, the court granted the relatives temporary custody for subsequent adoption.

On July 7, 2021, while the relatives' adoption petition was pending, the Clay County Juvenile Officer (Juvenile Officer) completed an emergency authorization to place the child in judicial custody, specifically, in alternative care under the temporary care and custody of Children's Division. In the authorization for judicial custody, the Juvenile Officer stated that the child had four healing leg fractures, that the relatives were unable to give a plausible explanation for the injuries, and that the child also had second-degree leg burns, which the relatives said were accidental.

The next day, on July 8, 2021, the Juvenile Officer filed a petition alleging that the parents or other persons legally responsible for the care and support of the child

2

neglected or refused to provide the proper care, custody or support necessary for the child's well-being under section 211.031.[2]  The petition specifically alleged the following, supported by an attached probable cause statement signed by the Deputy Juvenile Officer: that Children's Mercy Hospital reported to Children's Division that on June 14, 2021, the child was diagnosed with second-degree burns to her legs and feet, the child had healing fractures to her right distal femur, right proximal tibia, and left proximal tibia, and on June 30, 2021, an additional fracture to the left distal femur was found.  The petition alleged these injuries were diagnosed as child physical abuse.  The petition also alleged that the relatives were the child's only caretakers and they were unable to give a reasonable explanation for the child's injuries.  The juvenile court entered an order of temporary protective custody, and the child remained in Children's Division's temporary care and custody.

After the juvenile court removed the child from the relatives' custody, the Juvenile Officer filed a motion to dismiss the relatives as "interested parties," arguing that because the relatives were no longer custodians of the child, the relatives lacked both standing and a statutory direct interest in the matter.  The juvenile court did not rule on the motion before the adjudication and dispositional hearing.

The relatives' first attorney entered her appearance in mid-July 2021, and, on July 23, 2021, the relatives filed motions to disqualify both the judge and guardian ad litem.  The case was reassigned to a different judge and the guardian ad litem remained on the case.  That same day, the juvenile court held a protective custody hearing,[3] after

---

[2]  The petition itself did not reference section 211.031, but the attached probable cause statement did.

[3]  The juvenile court previously extended its order for protective custody two times, but the reason for the extensions is unknown.  The relatives do not assert error related to these extensions.

3

which the juvenile court ordered the child remain in Children's Division temporary protective custody. The juvenile court scheduled an adjudication hearing for August 30, 2021.

On August 19 and August 24, 2021, a new attorney entered his appearance for the relatives, and the relatives' previous attorney withdrew.

Three days before the adjudication hearing, the relatives' new counsel filed a motion for continuance. In the motion, the relatives gave the following reason for the continuance request: "The witness is not available for the scheduled matter." The motion did not include any additional details, and it did not include an affidavit. The Juvenile Officer did not consent to the continuance request and filed suggestions in opposition. The juvenile court did not rule on the motion for continuance before the adjudication hearing.

The parties, including the relatives and their attorney, appeared for the adjudication hearing. The juvenile court heard arguments on the relatives' continuance motion at the start of the hearing, and the juvenile court denied the continuance request and the case proceeded to trial.

At trial, a doctor from Children's Mercy Hospital (who was also a child abuse pediatrics fellow) testified that she examined the child, and that the child had second-degree burns on her feet and legs, and had four healing leg fractures. The doctor testified that the child's fractures were of the type caused by "pulling, yanking, and in some cases twisting of the bones." The doctor stated that there was a "high probability" that all of the above injuries were a result of child abuse and neglect. A Children's Division investigator testified that the Division initially recommended the child remain

4

with the relatives, but after receiving additional information from the doctor about the child's injuries, the recommendation changed to the child remaining in Children's Division custody. The relatives testified and denied that they abused the child, and said the burns were accidental.

The juvenile court issued a judgment finding that the allegations of the petition were established by clear and convincing evidence, that the relatives neglected or refused to provide the proper care necessary for the child's well-being, and determined it had jurisdiction over the child pursuant to section 211.031. A dispositional hearing was held immediately following adjudication, and the child was committed to the custody of the Children's Division for appropriate placement.[4] The juvenile court also ordered the relatives "released as parties" from the case.

After the adjudication and dispositional hearing, the juvenile court entered a separate judgment in the adoption case terminating its earlier order granting temporary custody of the child to the relatives. The relatives took no further action on the adoption case and did not appeal.

The relatives[5] filed a motion for new trial, the guardian ad litem filed suggestions in opposition, and the parties appeared for a hearing on the motion in December 2021. The juvenile court denied the motion.

The relatives appeal.

---

[4] At oral argument, the relatives' counsel suggested that they were not present at the dispositional hearing. The transcript from the hearing does not indicate whether the relatives left the courtroom before the dispositional stage, but the relatives' counsel remained at the hearing, addressed the court, and argued about the appropriate placement for the child.

[5] The motion for new trial was filed only on the aunt's behalf.

5

## Legal Analysis

"'This Court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it.'" *In re D.R.T.*, 626 S.W.3d 311, 314 (Mo. App. W.D. 2021) (quoting *State v. Johnson,* 617 S.W.3d 439, 443 (Mo. banc 2021)). *See also In re J.N.W.*, 643 S.W.3d 618, 627 (Mo. App. W.D. 2022). Therefore, although neither party has raised the issue in this Court, before we address the merits of the relatives' claims we must first determine whether the relatives are entitled to appeal.

"Article V, section 5 of the Missouri Constitution provides that [the Supreme Court of Missouri] may issue procedural rules but that those rules 'shall not change . . . the right of appeal.'" *Butala v. Curators of Univ. of Mo.,* 620 S.W.3d 89, 93 (Mo. banc 2021). Therefore, "'it is for the legislature to set the requirements for the right to appeal.'" *J.N.W.*, 643 S.W.3d at 627 (quoting *D.E.G. v. Juv. Officer of Jackson Cnty.*, 601 S.W.3d 212, 216 (Mo. banc 2020)).

"The right of appeal is statutory." *In re J.I.S.*, 791 S.W.2d 379, 379 (Mo. banc 1990); *In re Beste*, 515 S.W.2d 530, 533 (Mo. 1974); *In re M.B.F.,* 528 S.W.3d 480, 484 (Mo. App. W.D. 2017). "'[W]here a statute does not give a right to appeal, no right exists.'" *J.N.W.*, 643 S.W.3d at 627 (quoting *D.E.G.*, 601 S.W.3d at 216).

Rule 120.01(a)[6] provides that appeals in juvenile court matters shall be allowed "as provided by statute." Section 211.261.1 allows appeals from juvenile court final judgments, orders, or decrees issued under chapter 211 and provides in pertinent part:

> An appeal shall be allowed to the *child* from any final judgment, order or decree made under the provisions of this chapter and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative

---

[6] Rule references are to Supreme Court Rules (2021), unless otherwise stated.

or next friend. An appeal shall be allowed to a *parent* from any final judgment, order or decree made under the provisions of this chapter which adversely affects him. An appeal shall be allowed to the *juvenile officer* from any final judgment, order or decree made under this chapter . . . .

(emphasis added). A "parent" is defined in section 211.021(5) as "either a natural parent or a parent by adoption and if the child is illegitimate, 'parent' means the mother[.]"

"If [an] appeal is [taken] under the Juvenile Code, appellant must come within the class of persons entitled to appeal." *Beste*, 515 S.W.2d at 533. "The Juvenile Code, Chapter 211 . . . is a complete act or law within itself, and [s]ection 211.261 . . . is construed to require all appeals under the Code to be taken in compliance with *that section*." *Id.* (citing *In re C—*, 314 S.W.2d 756, 759 (Mo. App. 1958)) (emphasis added). The Supreme Court of Missouri has held: "Where a separate appeals process is specified by law, the general provision contained in section 512.020 is inapplicable." *Abmeyer v. State Tax Comm'n,* 959 S.W.2d 800, 802 (Mo. banc 1998) (citing *J.I.S.*, 791 S.W.2d at 379).[7]

In order to appeal the juvenile court's judgment entered under chapter 211, the relatives must derive authority from section 211.261. *See J.I.S.*, 791 S.W.2d at 379. In *J.I.S.*, a Juvenile Officer filed a delinquency petition against a juvenile. *Id.* The court found the statute on which the delinquency petition relied to be unconstitutional, and discharged the juvenile. *Id.* The Juvenile Officer appealed and attempted to rely on section 512.020 for authority to appeal, which permits an appeal by "[a]ny party . . .

---

[7] The dissenting opinion in *Abmeyer* even referenced the *J.I.S.* holding, discussed *infra*, but reasoned *J.I.S.* did not apply in the case because the statute at issue in *Abmeyer*, section 137.155 RSMo 1994, was not part of a "complete" or self-contained code like the Juvenile Code. *Abmeyer v. State Tax Comm'n,* 959 S.W.2d 800, 806 (Mo. banc 1998) (Holstein, J., dissenting).

aggrieved by any [civil] judgment." *Id.* The Supreme Court of Missouri dismissed the appeal and held that the Juvenile Officer had no right to appeal under a version of section 211.261 that did not specifically list the Juvenile Officer in the class of persons authorized to appeal.[8] *Id.* The Court also noted its desire "to avoid holdings in which a trial court's judgment is unreviewable" but that the Court could not "invade the General Assembly's province to create a right of appeal where none exists." *Id.*

After the *J.I.S.* decision, in 1994 the Missouri legislature amended section 211.261 to include, among other things, statutory authorization for the Juvenile Officer to appeal.

Here, the juvenile court appointed a guardian ad litem to represent the child's interests, and the relatives do not purport to appeal on the child's behalf.[9] Because the relatives are neither parents, as defined by section 211.021(5), nor bringing the appeal on the child's behalf, the relatives lack statutory authority under section 211.261 to appeal the juvenile court's chapter 211 judgment. *See J.I.S.*, 791 S.W.2d at 379; *M.B.F.*, 528 S.W.3d at 484.[10]

---

[8] Section 211.261 RSMo 1986 provided, in pertinent part:

> An appeal shall be allowed to the child from any final judgment, order or decree made under the provisions of this chapter and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend. An appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of this chapter which adversely affects him.

[9] Although the relatives' counsel discussed the possibility of appealing on the child's behalf at oral argument, this was not alleged in briefing to this Court and is not supported by the relatives' notice of appeal.

[10] *See also In re Beste*, 515 S.W.2d 530, 533 (Mo. 1974) (holding that prospective adoptive father, if attempting to appeal under the Juvenile Code, was not authorized under section 211.261 to appeal); *Matter of Trapp*, 593 S.W.2d 193, 204 (Mo. banc 1980) (stating that foster parents had no right to appeal a judgment denying their motion to intervene in a chapter 211 proceeding, citing section 211.261 RSMo 1978 and *In re Baby Girl B—*, 545 S.W.2d 696, 697 (Mo. App. 1976)); *In re N.D.*, 120 S.W.3d 782, 787 (Mo. App. S.D. 2003) (holding that a grandfather had the right to appeal as a relative on his

The Missouri Supreme Court cases of *Beste* and *J.I.S.* appear to stand for the proposition that if a party does not fall within those specified in 211.261, then they are not authorized to appeal. The additional intermediate appellate cases cited in note ten hold that only the parties listed in section 211.261 may appeal a judgment entered under chapter 211. And yet, a handful of intermediate appellate cases from each district have held that section 512.020 gives those otherwise excluded parties an avenue to appeal if they are an "aggrieved party."[11] Therefore, a significant split of authority exists on the issue of whether an appealing party can rely on section 512.020 for authority to appeal a juvenile court judgment issued under chapter 211 when they are not specifically listed in section 211.261. We are troubled that cases issued after *Beste* and *J.I.S.* seem to disregard or overlook the *Beste* and *J.I.S.* holdings.

---

granddaughter's behalf, but not on his own behalf under section 211.261); *In re J.A.D.*, 905 S.W.2d 101, 105 (Mo. App. S.D. 1995) (holding that "[the foster parents] have no right to appeal because . . . section 211.261.1 does not confer such a right upon them"); *In re Baby Girl B—*, 545 S.W.2d at 697 (reiterating after the second appeal of *Beste* that an individual who was not a parent lacked authority to appeal under section 211.261).

[11] *See, e.g., B.D. v. Mo. Dep't of Soc. Servs. Children's Div.*, 645 S.W.3d 681, 685 (Mo. App. W.D. 2022) (stating that "Children's Division's exclusion from the list of parties permitted to appeal from a juvenile court judgment under section 211.261 . . . is of no consequence" and holding that the Children's Division was authorized to appeal a judgment entered under section 211.036); *In re L.C.*, 477 S.W.3d 171, 173-74 (Mo. App. E.D. 2015) (stating that Children's Division was aggrieved in a case where it was ordered to pay benefits and services to a juvenile's caretaker and thus could appeal under section 512.020 even though Children's Division had no authority to bring the appeal under section 211.261); *In re D.T.*, 248 S.W.3d 74, 76-78 (Mo. App. W.D. 2008) (holding that while an appellant, who was not a parent to the children, was not authorized to appeal under section 211.261, he had authority to appeal as an "aggrieved party" under section 512.020); *In re L.J.H.*, 67 S.W.3d 751, 752 (Mo. App. S.D. 2002) (concluding that grandparents had the right to appeal the denial of their motion to intervene as aggrieved parties under section 512.020 where section 211.261 did not grant such authority), *abrogated on other grounds by In re S.M.B.*, 588 S.W.3d 641, 643 (Mo. App. S.D. 2019); *In re R.M.P.*, 811 S.W.2d 61, 62-63 (Mo. App. E.D. 1991) (stating that in "order to have standing to appeal, [appellants] must derive authority from either section 512.020. . . or section 211.261" and concluding that an aunt and uncle who were given legal custody of a child following abandonment proceedings lacked authority to appeal the modification of custody order removing the child from their home under section 211.261 and under section 512.020 as "aggrieved parties").

We choose to follow the line of cases applying only section 211.261 to determine who is authorized to appeal from the Juvenile Code. We are also, however, troubled by the number of parties to an action brought under the Juvenile Code to which there would be no right of appeal or review.

Under article V, section 2 of the Missouri Constitution, we are bound to follow the holdings of *J.I.S.*, and *Beste*, recognizing that the Juvenile Code is a complete act or law within itself, and therefore authority to appeal must come from section 211.261. Therefore, the relatives are not permitted to rely on section 512.020 to derive authority to appeal the juvenile court's judgment entered under section 211.031.

### Conclusion

We would dismiss the appeal because the relatives are not authorized under the Juvenile Code to pursue this appeal. However, in light of the divergent authority on the application of section 512.020 to appeal juvenile court judgments issued under chapter 211, we do not finally dismiss the relatives' appeal, but instead, on our own motion transfer this case to the Supreme Court of Missouri for decision pursuant to Rule 83.02 for the purpose of reexamining the existing law.

_____
Janet Sutton, Presiding Judge


Ahuja and Mitchell, JJ. concur.