In the Interest of J.I.S.,
Juvenile, Respondent,

v.

Ruth M. WALDON, Juvenile Officer for
the 32nd Judicial Circuit, Appellant.

No. 72229.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Rehearing Denied July 31, 1990.

Michael E. Hazel, Cape Girardeau, for appellant.

Sandra A. Mears, Sp. Asst. Atty. Gen. and Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for amicus curiae.

Stephen C. Wilson, Jackson, for respondent.

HIGGINS, Judge.

The Deputy Juvenile Officer of Bollinger County filed a petition pursuant to Rule 114.01 alleging that respondent, a juvenile, possessed intoxicants while operating an automobile in violation of section 311.325, RSMo 1986, punishable under the Abuse and Lose Law, section 577.500, RSMo 1987. Upon hearing, the court found the facts to be as alleged in the petition and withheld judgment pending briefing of respondent's timely challenge to the constitutionality of section 577.500. After briefing, the trial court determined section 577.500 to be unconstitutional and discharged the juvenile.

Respondent, by timely Motion To Dismiss taken with the case, questions standing of the appellant to prosecute this appeal. Appellant relies on the general statute, section 512.020, RSMo 1986, which permits an appeal to any party to a suit aggrieved by any judgment in any civil cause from which an appeal is not "clearly limited in special statutory proceedings."

The right of appeal is statutory. Rule 81.01; *In the Interest of T.O.*, 746 S.W.2d 637, 638 (Mo.App.1988). Under the special statute, section 211.261, RSMo 1986, an appeal shall be allowed to the juvenile from any final judgment of the juvenile court and may be taken on the part of the juvenile by the custodian; and an appeal shall be allowed to a parent from a final judgment that affects the parent adversely. *See* Rule 120.01. Notwithstanding this Court's desire to avoid holdings in which a trial court's judgment is unreviewable, this Court cannot invade the General Assembly's province to create a right of appeal where none exists. *Munson v. Director of Revenue*, 783 S.W.2d 912 (Mo. banc 1990).

This appellant does not come within the limitations of section 211.261 and Rule 120.-01 and is thus without standing to prosecute this appeal.

Accordingly, respondent's Motion To Dismiss is sustained, and the appeal is dismissed.

RENDLEN, COVINGTON and HOLSTEIN, JJ., concur.

BLACKMAR, C.J., concurs in separate opinion filed.

ROBERTSON, J., concurs in result in separate opinion filed.

MORGAN, Senior Judge, concurs and concurs in concurring opinion of BLACKMAR, C.J.

BILLINGS, J., not sitting.

BLACKMAR, Chief Justice, concurring.

I concur, given our opinion in *Munson v. Director of Revenue*, 783 S.W.2d 912 (Mo. banc 1990). I am not sure that § 211.261, RSMo 1986, completely excludes resort to § 512.020 in juvenile cases, but the juvenile officer lacks standing to appeal because she is not personally aggrieved by the judgment. The problem of frustration of state policy with regard to drunken drivers is present here just as much as in *Munson*, but the suggestions of my *Munson* dissent did not commend themselves to a majority of the Court and I will not try to resurrect them. Perhaps the constitutional question which the Court lacks the power to reach in this case will be decided in the course of litigation not involving juveniles. Otherwise the matter is one for the legislature.

ROBERTSON, Judge, concurring in result.

I concur in the result reached by the Court. I write separately because I am uncertain of the rationale for the Court's decision. The rationale underlying the decision is significant for understanding the relationship between the juvenile code and other statutes bearing on court procedure and authority.

This Court has long relied on well-worn canons of construction to assist it in interpreting statutes. One such canon is of particular assistance where, as here, two statutes address the same subject.

Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view of giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statute.

*State ex rel. McKittrick v. Carolene Products Co.*, 346 Mo. 1049, 144 S.W.2d 153, 156 (1940); *State ex rel. Fort Zumwalt School District v. Dickherber*, 576 S.W.2d 532, 536–37 (Mo. banc 1979); *Laughlin v. Forgrave*, 432 S.W.2d 308, 313 (Mo. banc 1968). In a recent pronouncement, this Court described the task of harmonizing statutes addressing the same subject as an obligation. "The Court is ... obliged to reconcile and harmonize statutes dealing with the same subject if it is reasonably possible." *Sheldon v. Board of Trustees of Police Retirement System*, 779 S.W.2d 553, 556 (Mo. banc 1989).

Sections 211.261 and 512.020, RSMo 1986, each authorize certain, named persons to prosecute an appeal from a final judgment. The former deals with appeals from orders entered by a trial court under the juvenile code. The latter statute grants "[a]ny party to a suit aggrieved by any [final] judgment of any trial court in any civil cause from which an appeal is not ... clearly limited in special statutory proceedings" to take an appeal to the court having appellate jurisdiction. Despite an obligation in this Court to attempt a harmonization between the two statutes, however, the majority opinion neither recognizes its duty nor attempts a harmonization.

I find no language in Section 211.261 "clearly" limiting the right to appeal to the persons named in that statute. Instead, the more reasonable reading of Section 211.261 is that the statute seeks no more than to expand the persons entitled to appeal beyond the aggrieved parties permitted an appeal under Section 512.020. Section 211.261 permits a child to appeal a final judgment rendered under the juvenile code; in other civil actions the child may proceed only after the appointment of a guardian or guardian *ad litem*. Rule 52.-02(e). Section 211.261 permits, among others, any relative or a parent to take an appeal; there is no need for that relative to assume the legal cloak worn by a guardian or guardian *ad litem* as is required in other civil actions. Rule 52.02. Moreover, Sec-

tion 211.261 permits a parent to appeal a final judgment under the juvenile code so long as the parent is "adversely" affected by the judgment; the requirement of Section 512.020 that the parent be a party to the proceeding or aggrieved is absent from Section 211.261.

Assuming a legislative purpose in Section 211.261 not to limit appeal, but to broaden it beyond the limitation of Section 512.010 for purposes of juvenile code proceedings, the task of harmonizing the statutes is not difficult. The statutes can easily be read together to permit not only those persons listed in Section 211.261 to appeal, but also persons permitted to appeal under Section 512.020, *i.e.*, parties aggrieved by the final judgment.

Is the juvenile officer a party to an action under the juvenile code? Rule 110.05.-a(16) defines a "party" in a juvenile proceeding to include the juvenile officer.

Is the juvenile officer an aggrieved party? No. A party is aggrieved "when the judgment operates prejudicially and directly on his personal or property rights or interest." *Harris v. Union Electric Co.,* 685 S.W.2d 607, 611 (Mo.App.1985), *citing Hertz Corporation v. State Tax Commission,* 528 S.W.2d 952, 954 (Mo. banc 1975).

In my view, therefore, the appropriate rationale for the Court's decision is that while Section 512.020 applies, the appellant here is not an aggrieved party. It is on this basis that I concur in the result reached by the Court.

However, the language of the Court's opinion seems to partake of a different rationale. The Court's conclusion rests on a simple proposition: because the appellant, a juvenile officer, "does not come within the limitations of [Section 211.261, RSMo 1986, the juvenile officer] ... is thus without standing to prosecute this appeal." (At 379). The Court's apparent reasoning for this conclusion is that Section 211.261 is a special statute, and that only persons named therein are permitted to appeal final judgments entered under the juvenile code.

As has already been shown, it is not enough for the Court to announce that the statute is special. An obligation exists to attempt to harmonize special and general statutes dealing with the same subject. Because the Court did not attempt to harmonize Sections 211.261 and 512.020, one must assume that the Court's opinion rests on those cases holding that the juvenile code is a "complete law within itself," *In re C.,* 314 S.W.2d 756, 759 (Mo.App.1958), and "comprehensive," *Mashak v. Poelker,* 356 S.W.2d 713, 720 (Mo.App.1962). Under this view, resort to general statutes addressing the same subject is not permitted.

The Court's apparent rationale is troubling. If the statutes of the juvenile code are limiting statutes, to be read without reference to general statutes existing outside the juvenile code relating to the same subject matter, it is appropriate to ask whether the same limitations apply to the powers of the trial court acting under the juvenile code. The question is thus necessarily raised as to whether the trial court, acting under the juvenile code, has the authority to do any more than is expressly permitted under Sections 211.181, RSMo Cum.Supp.1989. Of course, that broad question is not before the Court in this case. Nor is the more narrow question whether a trial court, acting under the juvenile code and in response to a petition filed under Rule 114, has the authority to declare a statute of this state unconstitutional. To the thoughtful reader, these questions are implicit in the majority's apparent rationale.

Because I would adopt a rationale recognizing the applicability of Section 512.020 in this case and holding that the appellant here is not an aggrieved party within the meaning of that statute, I concur in result only.