

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| IN THE INTEREST OF: L.N.G.S., JUVENILE; JUVENILE OFFICER, | ) ) ) | *Opinion issued March 21, 2023* |
| Respondent, | ) | |
| and | ) ) | |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, CHILDREN'S DIVISION, | ) ) ) | |
| Respondent, | ) ) | |
| v. | ) ) | No. SC99786 |
| A.S. AND A.S., | ) ) | |
| Appellants. | ) ) | |

### APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY
### The Honorable Alisha Diana O'Hara, Judge

A.S. and A.S. ("the relatives") appeal the overruling of their motion for new trial following an adjudication hearing on the Juvenile Officer's child neglect petition under section 211.031.[1]  The court of appeals ordered the case transferred to this Court to resolve whether the relatives have standing to appeal.  This Court holds the relatives lack standing to appeal because they do not qualify under section 211.261, which exclusively

---

[1]  All statutory references are to RSMo 2016 unless otherwise noted.

controls appeals taken under the Juvenile Code. Accordingly, the relatives' appeal is dismissed.

## Background

L.N.G.S. ("the child") was born March 7, 2020. Shortly thereafter, the child's natural mother consented to the termination of her parental rights.[2] In early June 2020, the relatives (the child's aunt and uncle) filed a petition in the Clay County Family Court Division seeking transfer of custody and adoption of the child ("the adoption action"). On June 7, 2021, the court granted the relatives temporary custody of the child pending the resolution of their adoption petition.

Less than one week later, the child was taken to Children's Mercy Hospital after the uncle allegedly found her in the bathroom sink with the hot water running. Doctors determined the child had second-degree burns to her legs and feet, and they also discovered four healing leg fractures. The relatives were unable to give a reasonable explanation for these injuries. Doctors diagnosed the child with child physical abuse and reported the incident to the Children's Division on June 14, 2021.

On July 8, 2021, the Juvenile Officer filed a petition under section 211.031, alleging the child's parents or other persons legally responsible for the child's care and support neglected or refused to provide the proper care, custody, or support necessary for the child's well-being ("the child neglect action"). The Juvenile Officer also filed an emergency authorization for judicial custody to remove the child from the relatives'

---

[2] L.N.G.S.'s father is unknown.

2

temporary custody. The court ordered the child be placed in the temporary protective custody of the Children's Division.

On July 13, 2021, the Juvenile Officer filed a motion to dismiss the relatives as parties from the child neglect action, asserting the relatives lacked standing in the matter under section 211.171 because they were no longer the child's custodians.[3] The court did not rule on the motion to dismiss and set an adjudication and dispositional hearing for August 30, 2021.

Three days before the hearing, the relatives filed a motion for continuance. The motion alleged only that "[t]he witness is not available for the scheduled matter" and did not include any additional details or a supporting affidavit. The Juvenile Officer opposed the continuance request. The court did not rule on the motion for continuance before the adjudication hearing.

On August 30, the parties, including the relatives and their attorney, appeared for the adjudication hearing. After hearing argument on the motion for continuance, the court overruled the motion and proceeded to trial. The court issued a judgment finding the facts set forth in the neglect petition were established by clear and convincing evidence. The court then committed the child to the custody of the Children's Division for appropriate placement. The court also ordered the relatives "released as parties" from the child neglect action. The court issued a separate judgment in the adoption action

---

[3] Section 211.171 allows a "current foster parent … or any preadoptive parent or relative *currently* providing care for the child" to participate in child abuse or neglect hearings and excludes the general public and persons without a direct interest in the case. (Emphasis added).

terminating its previous order granting temporary custody to the relatives.[4] The relatives filed a motion for new trial in the child neglect action, which the court overruled after a hearing.

The relatives appealed, on their own behalf, the overruling of their motion for new trial in the child neglect action, arguing it was error for the court to overrule their motion for continuance. The court of appeals, without addressing the merits of that argument, ordered the appeal transferred to this Court to address whether the relatives have standing to appeal. This Court has jurisdiction under article V, section 10 of the Missouri Constitution.

**Analysis**

The right to appeal derives solely from statute. *J.I.S. v. Waldon*, 791 S.W.2d 379, 379 (Mo. banc 1990). If a statute does not provide the right of appeal, the appeal must be dismissed. *Id.* Generally, section 512.020 grants the right of appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause … [.]" Section 512.020, however, explicitly carves out several exceptions to its application. Relevant here, a party does not have the right to appeal under section 512.020 when the appeal is "clearly limited in special statutory proceedings." *Id.* Indeed, this Court has held when "a separate appeals process is specified by law, the general provision contained in section 512.020 is inapplicable." *Abmeyer v. State Tax Comm'n*, 959 S.W.2d 800, 802 (Mo. banc 1998).

---

[4] The relatives did not appeal or take further action in the adoption action.

More specifically, this Court has held section 512.020 does not apply in appeals taken under the Juvenile Code because chapter 211 has its own special statute for appeals, section 211.261. *See In re Beste*, 515 S.W.2d 530, 533 (Mo. 1974) ("The Juvenile Code … is a complete act or law within itself" such that "all appeals under the Code [must] be taken in compliance with [section 211.261]."). Parties who have no right to appeal under section 211.261 cannot rely on section 512.020 to grant the right section 211.261 denies. *See J.I.S.*, 791 S.W.2d at 379 (dismissing an appeal of a juvenile case filed under section 512.020 because the separate appeals process outlined in section 211.261 applied and excluded appellants). Accordingly, the relatives' appeal is governed exclusively by section 211.261; they cannot rely on section 512.020 as the source of their right to appeal.

This leaves the question of whether section 211.261 grants the right of appeal to the relatives. To appeal a judgment under the juvenile code, "appellant must come within the class of persons entitled to appeal [under section 211.261]." *Beste*, 515 S.W.2d at 533. Section 211.261.1 provides, in pertinent part:

> An appeal shall be allowed to **the child** from any final judgment, order or decree made under the provisions of this chapter and may be taken **on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend**. An appeal shall be allowed to **a parent** from any final judgment, order or decree made under the provisions of this chapter which adversely affects him. An appeal shall be allowed to the **juvenile officer** from any final judgment, order or decree made under this chapter …."

(Emphasis added).

Section 211.261.1 permits an appeal only to the following persons: (1) the child; (2) the child's parent, guardian, legal custodian, spouse, relative, or next friend, so long

5

as that party appeals on the child's behalf; (3) a parent; and (4) the juvenile officer.  The relatives claim a right to appeal under categories (2) and (3).  This Court disagrees.

The relatives argue they qualify under category (2) because they are the child's relatives and they were, at one time, the child's legal custodians.  However, category (2) permits an appeal to relatives, custodians, and the other listed persons ***only on the child's behalf***.  § 211.261.1.  Here, the relatives failed to specify they were appealing on behalf of the child, both in their notice of appeal and briefing below.  Their arguments seek to vindicate their own positions, not necessarily the child's best interests.  Counsel candidly (and properly) concedes their arguments on appeal "tend to be made from the perspective of being on their [own] behalf[.]"  Nonetheless, the relatives argue they appeal, in "substance over form," on behalf of the child because it is in the child's own interest to remain in their custody.  This Court rejects this characterization of the relatives' appeal.[5] Category (2) does not apply to the relatives.

---

[5]   The relatives argue this Court should adopt the reasoning in *J.L.H. v. Juv. Officer*, 647 S.W.2d 852, 856 (Mo. App. 1983), to permit the relatives' appeal despite the nature of the arguments they assert in that appeal.  This Court declines to express an opinion as to whether the reasoning in *J.L.H.* is correct and, in any event, finds the facts of *J.L.H.* distinguishable.  In *J.L.H.*, the child's grandmother appealed a family court division order placing the child with another family, without specifying in her notice of appeal that she was doing so on behalf of the child.  *Id.*  On appeal, the grandmother argued the lower court erred in placing the child with a family that did not share the same religious faith as the child's deceased parents, in violation of section 211.221, and that the placement was otherwise against the weight of the evidence.  *Id.* at 855.  Noting the grandmother was a party to the action and had made a bonafide attempt to comply with section 211.261, the court of appeals exercised its discretion to permit the grandmother's appeal to be taken on behalf of her grandchild.  *Id.* at 856.  The arguments made by the relatives in the present case are not of the same character as those made by the grandmother in *J.L.H.*

Nor do the relatives qualify under category (3) because they are not the child's parents. Section 211.021(5) defines a "parent" as "either a natural parent or a parent by adoption and if the child is illegitimate, 'parent' means the mother[.]" On appeal, the relatives repeatedly refer to themselves as the child's "adoptive parents" and argue this qualifies them as "parents" under section 211.261. This is incorrect, however, because the adoption they sought was never finalized and remains pending as of the date of this opinion. At best, the relatives are prospective adoptive parents or would-be adoptive parents who, at one point, had temporary custody of the child. This status does not qualify them as "parents" or otherwise place them within the ambit of section 211.261.1. The relatives, therefore, have no statutory right to appeal, and their appeal must be dismissed.

This Court acknowledges holdings that render a trial court's judgment unreviewable are disfavored. *J.I.S.*, 791 S.W.2d at 379. However, "this Court cannot invade the General Assembly's province to create a right of appeal where none exists." *Id*. This judgment was not unreviewable as any person qualified under section 211.261.1 could have appealed. That statute does not give the relatives the right to appeal, however, and this Court has no alternative but to dismiss.

## Conclusion

For the reasons set forth above, the relative's appeal is dismissed.[6]

_____

Paul C. Wilson, Chief Justice

All concur.

---

[6] The relatives express concern that, if this Court holds they lack the right to appeal the child neglect action, the doctrine of collateral estoppel, or issue preclusion, will unfairly preclude them from litigating, in their pending adoption action, issues previously determined in the child neglect action (*i.e.*, issues of neglect or abuse). Issue preclusion will not apply, however, because the relatives were dismissed as parties from the neglect action and have no right of appeal, as explained above. *See Oates v. Safeco Ins. Co. of Am.*, 583 S.W.2d 713, 719 (Mo. banc 1979) (holding collateral estoppel applies only if "the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication").