

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

|  |  |  |
|---|---|---|
|  | ) | No. ED111658 |
|  | ) |  |
|  | ) | Appeal from the Circuit Court of |
|  | ) | St. Charles County |
| IN THE INTEREST OF: A.L.R. | ) | 23AD-JU00011 |
|  | ) |  |
|  | ) | Honorable Trisha E. McCulloch |
|  | ) |  |
|  | ) | Filed: February 27, 2024 |

Before Lisa P. Page, P.J., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

## OPINION

The Juvenile Officer of St. Charles County (Juvenile Officer) presents a case of first impression to this court by appealing from the judgment of the Circuit Court of St. Charles County, Juvenile Division (juvenile court) dismissing petitions alleging three minor children (collectively the children) were in need of the care and treatment of the juvenile court. We affirm.

## BACKGROUND

On January 13, 2023, the Juvenile Officer filed separate petitions alleging each of the children were in need of care and treatment pursuant to Section 211.031 RSMo (2016)[1] because their natural parents (Parents) physically abused and neglected the children by failing to provide

---

[1] All further statutory references are to RSMo (2016).

them an environment free from domestic violence. The Juvenile Officer also pled a history of physical abuse by their father (Father) to his other children. The Juvenile Officer filed a fourth petition alleging an older sibling (Sibling) was in need of care and treatment pursuant to Section 211.031 for the same reasons.

The juvenile court assumed jurisdiction and took protective custody of the children and Sibling after a hearing on January 17, 2023. However, on February 15, 2023, prior to any adjudication on the merits of the petitions, the juvenile court returned the children to Parents on their oral motion at a subsequent hearing. The Juvenile Officer, Children's Division, and guardian *ad litem* objected to the placement due to the conduct of Parents during the investigation into the abuse alleged in the petitions. Not only did Parents adamantly deny investigators access to the children, they went so far as to remove all four children from school after they were contacted in that setting.

After a trial on the merits of the petitions on March 30, 2023, the juvenile court found Sibling required the protection of the juvenile court because Parents had neglected her "by refusing to take the minor child back into their care, custody and control after the minor child was placed in to protective custody."[2] But the juvenile court dismissed the petitions and terminated jurisdiction over the children. The present appeal follows.

## DISCUSSION

The Juvenile Officer argues two points on appeal. First, the Juvenile Officer claims the juvenile court erred in dismissing the petitions and terminating jurisdiction over the children because the judgment was against the weight of the evidence. The Juvenile Officer argues evidence of Father's prior abuse constitutes *prima facie* evidence of imminent danger sufficient

---

[2] This order and judgment was not appealed.

2

to justify removal of the children from a harmful environment. In its second point, the Juvenile Officer argues the court erred in dismissing the petitions concerning the children because the judgment is not supported by substantial evidence. The Juvenile Officer asserts the testimony of multiple witnesses and the exhibits admitted at trial demonstrate that Parents abused the children physically, emotionally, and verbally.

## Jurisdiction

In response to this appeal, Parents filed a motion to dismiss and strike the Juvenile Officer's appellant's brief.[3] They assert this court lacks jurisdiction to consider the appeal because there is no final judgment. We disagree.

The right to appeal is statutory. *In the Int. of P.D.E.*, 669 S.W.3d 129, 130 (Mo. banc 2023) (citing *J.I.S. v. Waldon*, 791 S.W.2d 379, 379 (Mo. banc 1990); *see also* Rule 120.01[4] (providing "[a]n appeal shall be allowed as provided by statute" in juvenile proceedings)). The right to appeal juvenile matters is governed by Section 211.261.1, which states in relevant part that "[a]n appeal shall be allowed to the juvenile officer from any final judgment, order or decree." Although the phrase "final judgment" is not defined, assessing finality in juvenile proceedings is "markedly" different from evaluating finality in civil matters because they are ongoing cases. *P.D.E.*, 669 S.W.3d at 132.

Juvenile proceedings are bifurcated into two phases: adjudication and disposition. *Id.* (citing *See generally* Rule 128). First, the juvenile court must decide whether the allegations in the petition are established in the adjudication phase. *Id.* Upon a finding of jurisdiction due to

---

[3] In the motion to dismiss and/or strike appellant's brief, Parents argue the Juvenile Officer did not raise the issue of "anticipatory abuse" to the juvenile court, and therefore, it is not properly preserved. Thus, Parents claim the brief should be dismissed because no error is preserved. This argument is without merit, and the motion to dismiss and/or strike appellant's brief on this basis is denied.

[4] All references to Rules are to Missouri Supreme Court Rules (2023).

abuse and/or neglect, then the juvenile court must issue a dispositional order regarding the legal and physical custody of the child.  *Id*.  Once disposition is made there is nothing left for the juvenile court to consider and the order becomes subject to appeal.  *Id*.

Here, the juvenile court did not find the requisite abuse and/or neglect of the minor children necessary for continuing jurisdiction and dismissed the petitions which rendered a dispositional order moot.  *See P.D.E.*, 669 S.W.3d at 133.  There was nothing further for the juvenile court to consider regarding the children; thus, judgment is a final order which confers jurisdiction for this court to consider the Juvenile Officer's points on appeal.  The motion to dismiss is denied.

### *Standard of Review*

We review the juvenile court's judgment and will affirm its decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.  *In the Int. of T.D.*, 645 S.W.3d 669, 676 (Mo. App. E.D. 2022); *In re M.N.J.*, 291 S.W.3d 306, 311 (Mo. App. W.D. 2009).  We view the evidence and reasonable inferences in the light most favorable to the judgment.  *Id*.  We accept the facts favorable to the judgment as true and disregard all evidence and inferences to the contrary.  *T.D.*, 645 S.W.3d at 676.  As the finder of fact, the juvenile court is free to believe all, some, or none of a witness's testimony.  *In re Q.A.H.*, 426 S.W.3d 7, 13 (Mo. banc 2014).  We must defer to the factual findings and credibility determinations made by the juvenile court.  *Id*. at 12.

### **Point I**

In the first point on appeal, the Juvenile Officer argues the juvenile court erred in dismissing the petitions because the judgment was against the weight of the evidence.

4

Specifically, the Juvenile Officer argues the evidence of Father's prior abuse of his other children constitutes *prima facie* evidence of imminent danger to the children.

<u>*Analysis*</u>

"Appellate courts act with caution in exercising the power to set aside a decree or judgment on the ground that it is against the weight of the evidence." *In the Int. of J.X.B.*, 610 S.W.3d 720, 728 (Mo. App. S.D. 2020) (internal quotation omitted). When reviewing the record to determine whether the judgment is against the weight of the evidence, we defer to the juvenile court's findings of fact where those factual issues are contested and depend on credibility determinations. *Id*. We will consider a judgment against the weight of the evidence only where the juvenile court could not have reasonably found, based on the record before it, the existence of a fact necessary to sustain the judgment. *Id*. If the evidence presents two reasonable but different inferences, we must defer to the juvenile court's assessment of the evidence. *Id*.

We agree with the Juvenile Officer that there is significant evidence of abuse to include substantiated hotline calls against Father for physical abuse of his other children. He also pleaded guilty to felony abuse of a child regarding one of his other children in 2001 and first-degree endangering the welfare of a child following physical abuse of another child in 2015. In addition, the Juvenile Officer elicited testimony from Sibling and other witnesses of abuse in the home.

The Juvenile Officer further asserts the pattern of abuse must have been considered because the juvenile court assumed jurisdiction of Sibling. As a result, the Juvenile Officer argues the testimony of witnesses, Father's criminal history of abuse, the prior history of hotline calls regarding the children, and the juvenile court's disposition regarding Sibling results in the conclusion that this is one of the "rare cases" in which we must reverse the court's decision as

against the weight of the evidence. *See J.X.B.*, 610 S.W.3d at 728 (against-the-weight-of-the-evidence standard serves as check on court's potential abuse of power when weighing evidence and appellate courts reverse only in rare cases).

It is true that "Missouri courts long have held that prior harm to a child's sibling, and the potential for harm to the child in the same circumstances, may justify intervention by the court to remove the child from the harmful environment." *T.D.*, 645 S.W.3d at 679 (internal citations omitted). But for a juvenile court to rely on evidence of past behavior to find abuse or neglect, it must be "convincingly linked" to future behavior and the court must make some "explicit consideration" of whether the past conduct indicates a likelihood of future harm. *Q.A.H.*, 426 S.W.3d at 14.

At trial, Father presented contrary evidence and testified he realized what he did was wrong, pleaded guilty, and "owned it." His unrefuted testimony was that he complied with the conditions required by his probation and the Children's Division. Father stated he did "anything [he] could to see my kids." Although the children did not testify, there was evidence that two of the children denied the abuse allegations during the investigation and one refused to speak with investigators.

The juvenile court was free to believe any evidence or disregard evidence presented at trial as it saw fit. *Q.A.H.*, 426 S.W.3d at 14. While it is necessary to make "explicit consideration" linking past conduct to future behavior for a *prima facie* finding of abuse, no such consideration is mandated to find the opposite. *See id*. Moreover, it is clear from the juvenile court's judgment that actual abuse was not a factor. Instead, the juvenile court made a limited finding of neglect because Sibling did not wish to return home and because Parents refused to take her back into their care, custody, and control. As a result, the juvenile court could have

6

concluded a pattern of abuse or neglect did not exist sufficient to establish a *prima facie* case regarding the children. We must construe the evidence and inferences in favor of the judgment terminating jurisdiction over the children and defer to the juvenile court's conclusion, even if we may reach a different, more reasonable result. *J.X.B.*, 610 S.W.3d at 728.

Consistent with our standard of review, we cannot find the juvenile court's judgment was against the weight of the evidence. Point one is denied.

**Point II**

In the second and final point, the Juvenile Officer claims the juvenile court erred dismissing the petitions and terminating its jurisdiction over the children because the judgment was not supported by substantial evidence. The Juvenile Officer claims the testimony of multiple witnesses and other exhibits at trial demonstrate Parents abused the children physically, emotionally, and verbally.

"Substantial evidence to support a finding of abuse is evidence so clear and convincing that it 'instantly tilts the scales' in favor of finding the parents were guilty of abuse." *M.N.J.*, 291 S.W.3d at 313 (quoting *In the Int. of G.C.*, 50 S.W.3d 408, 419 (Mo. App. E.D. 2001) (Teitelman, J., concurring)). However, on review we may not consider whether the Juvenile Officer may have presented substantial evidence to support its allegations, but instead we consider only whether the juvenile court's judgment was supported by substantial evidence.

Again, the Juvenile Officer argues the court's disposition regarding Sibling is evidence that she was neglected by Parents, thus serving as evidence of neglect of the children living in the same household. The Juvenile Officer asserts the juvenile court's statement that it gave Sibling's testimony "considerable weight," is consistent with crediting her testimony regarding abuse of the children. But the finding is not an overall credibility determination regarding her

7

testimony about the abuse and domestic violence in the home. Instead, the judgment only gave "considerable weight to [Sibling's] wishes" not to return to Parents, which is specific only to her circumstances. As in Point I, the court was free to believe all, part, or none of Sibling's testimony, and we must defer to the juvenile court's determination in this regard. *Q.A.H.*, 426 S.W.3d at 13.

We recognize the Juvenile Officer presented additional and disconcerting evidence regarding Parents, to include allegations of physical discipline and domestic violence, as well as Father's admitted use of derogatory names toward the children. However, "evidence in the record that would support a different conclusion does not necessarily mean the judgment was not supported by substantial evidence." *Id*. at 14. Two of the children denied physical abuse, and another refused to speak to the investigators during the investigation. The only evidence to support a finding of abuse concerning the children was testimony from other witnesses, and as repeatedly stated above, we must defer to the juvenile court's assessment of that testimony.

As a result of the record before us, the juvenile court's decision to dismiss the petitions relating to the children can be considered as supported by substantial evidence. Point two is denied.

## CONCLUSION

The judgment of the juvenile court is affirmed.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., Judge and
Angela T. Quigless, Judge concur.

8