

# SUPREME COURT OF MISSOURI
## en banc

IN RE: CIRCUIT ATTORNEY, 22nd    )           *Opinion issued April 15, 2025*
JUDICIAL CIRCUIT EX REL.       )
CHRISTOPHER DUNN,          )          No. SC100878
                             )
        Respondent.        )

## APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### The Honorable Jason M. Sengheiser, Judge

This Court granted the State of Missouri's transfer application and ordered the cause transferred prior to opinion by the court of appeals as to the issue raised in the court of appeals' show cause order—whether the State of Missouri has the right to appeal a judgment vacating or setting aside a conviction under section 547.031.[1] This Court holds the State of Missouri is an aggrieved party with a statutory right to appeal under section 512.020(5) and retransfers this cause to the court of appeals to overrule the circuit attorney's motion to dismiss and proceed with the state's appeal on the merits.

---

[1] All references to sections 56.087 and 512.020 are to RSMo 2016, and all other statutory references are to RSMo Supp. 2023 unless otherwise noted. All rule references are to Missouri Court Rules (2024). The Court granted transfer prior to opinion of the court of appeals due to the general interest and importance of the issue raised. Section 547.031 has been amended effective August 28, 2024, but the amendment does not concern the issue in this appeal.

**Factual Background and Procedural History**

In July 1991, a circuit court found Christopher Dunn guilty, after a jury trial, of first-degree murder, two counts of first-degree assault, and three counts of armed criminal action and sentenced him as a prior and persistent offender to life in prison without parole for the murder offense, 30 years' imprisonment for each of the assault offenses, and 10 years' imprisonment for each of the armed criminal action offenses, with all sentences to be served consecutively.

In February 2024, the St. Louis circuit attorney filed a motion to vacate or set aside Dunn's convictions under section 547.031. The attorney general entered his appearance and opposed the motion. On July 22, 2024, the circuit court entered its judgment concluding, after an evidentiary hearing as required by section 547.031.2, the circuit attorney had established "a clear and convincing showing of 'actual innocence' that undermines the basis for Dunn's convictions because in light of the new evidence, no juror, acting reasonably, would have voted to find Dunn guilty of these crimes beyond a reasonable doubt." The circuit court sustained the motion, vacated Dunn's convictions, and ordered his immediate discharge from custody. The attorney general filed a notice of appeal.

On July 24, 2024, the circuit court entered its order requiring Dunn's release from prison by 6 p.m. that day. The attorney general filed in this Court a petition for a writ of prohibition or mandamus to prevent the circuit court from ordering Dunn's unconditional release. The attorney general also asked for an emergency stay to allow sufficient time for this Court to consider the writ petition. This Court issued an order temporarily

2

staying the circuit court proceedings and requested expedited briefing on the merits of the writ petition. After briefing and argument, this Court issued its opinion holding the circuit court lacked authority to unconditionally release Dunn while criminal charges remained pending and issued a permanent writ prohibiting the circuit court from ordering Dunn's release without allowing the State of Missouri to indicate its intent to retry him. *State ex rel. Bailey v. Sengheiser*, 692 S.W.3d 20, 26 (Mo. banc 2024).

On July 30, 2024, the circuit court entered its amended judgment vacating the part of its order requiring Dunn's release by 6 p.m. on July 24, 2024. The circuit attorney filed a memorandum of *nolle prosequi*, and the state released Dunn from prison on July 30, 2024.[2] The attorney general filed a notice of appeal. The circuit attorney moved to dismiss the appeal, asserting the state has no right to appeal under section 547.031.

In December 2024, the court of appeals issued a show cause order directing the parties to file memoranda addressing whether the State of Missouri has the right to appeal or whether the appeal should be dismissed. The attorney general sought transfer in this Court prior to opinion by the court of appeals. Mo. Const. art. V, sec. 10. This Court granted the application and ordered the cause transferred as to the issue in the court of appeals' show cause order—whether the State of Missouri has the right to appeal a judgment sustaining a motion under section 547.031.

---

[2] "A *nolle prosequi* is a prosecutor's formal entry on the record indicating that he or she will no longer prosecute a pending criminal charge." *State v. Sisco*, 458 S.W.3d 304, 310 (Mo. banc 2015) (internal quotation omitted); sec. 56.087 (codifying *nolle prosequi*).

## Standard of Review

"The right to appeal derives solely from statute." *State v. Johnson*, 617 S.W.3d 439, 443 (Mo. banc 2021). "If a statute does not give a right to appeal, the appeal must be dismissed." *Id.* (internal quotation omitted); *see also* Rule 81.01 ("The right of appeal shall be as provided by law."). Whether a statute gives a right to appeal is a question of statutory interpretation, which is an issue of law the Court reviews *de novo*. *Ramirez v. Mo. Prosecuting Att'ys' & Cir. Att'ys' Ret. Sys.*, 694 S.W.3d 432, 435 (Mo. banc 2024).

## Analysis

"This Court has held that proceedings under section 547.031 are a collateral attack on a criminal judgment and sentence and are civil in nature." *Sengheiser*, 692 S.W.3d at 23. A section 547.031 motion "is not part of the original criminal case regardless of how it is docketed or referred to in the circuit court." *State ex rel. Bailey v. Fulton*, 659 S.W.3d 909, 913 n.3 (Mo. banc 2023) (internal quotation omitted).

Section 512.020 governs the right to appeal in civil actions generally. Section 512.020(5) grants the right to appeal any final judgment or any special order after final judgment to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings[.]" "This Court has long held appeals are favored in the law and statutes granting appeals are liberally construed." *Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 760 (Mo. banc 2019) (internal quotation and alteration omitted).

No party disputes the circuit court's amended judgment is a final judgment.

Likewise, no party contends the constitution prohibits the state's appeal.[3] The state has

the right to appeal under section 512.020(5), therefore, if it is a party to the suit and is

aggrieved by the circuit court's judgment.[4]

---

[3] Even assuming section 547.031 is a special statutory proceeding, an issue this Court need not decide, section 547.031 by its silence as to the state's right to appeal does not clearly limit or take away the state's right to appeal under section 512.020(5) as an aggrieved party to a final judgment. Instead, as explained in this opinion, section 547.031.4 grants an explicit right of appeal to a prosecuting or circuit attorney when neither had a right to appeal before the enactment of section 547.031. *Cf. J.I.S. v. Waldon*, 791 S.W.2d 379, 379 (Mo. banc 1990) (holding a juvenile officer had no right to appeal in special statutory proceeding because "this Court cannot invade the General Assembly's province to create a right of appeal where none exists"). This construction harmonizes sections 512.020(5) and 547.031.4 and recognizes the General Assembly's right to grant a right to appeal to a prosecuting or circuit attorney without, by its silence, taking away the state's existing right to appeal under section 512.020(5).

The dissenting opinion relies on *Salcedo v. Salcedo*, 34 S.W.3d 862 (Mo. App. 2001), *superseded by* section 632.495, RSMo Supp. 2009, a distinguishable, nonbinding, and unpersuasive court of appeals' opinion. In *Salcedo*, the court of appeals considered the Sexually Violent Predator Act ("SVP Act"), which placed responsibility for filing a sexually violent predator civil commitment petition with the attorney general. *Id.* at 866. The court of appeals held the SVP Act was a special statutory proceeding clearly limiting or taking away the attorney general's right to appeal the probate division's judgment denying the petition after finding no probable cause to believe Salcedo was a sexually violent predator. *Id.* at 867-68. The court of appeals concluded the SVP Act provided the attorney general with no explicit right to appeal the no probable cause ruling, and this silence indicated a clear limiting or taking away of the attorney general's right to appeal that ruling *when combined with three other sections* of the SVP Act in which the General Assembly also could have provided a right to appeal to any party from a ruling under those sections but did not. *Id.* Contrary to the dissenting opinion's suggestion, *Salcedo* did not hold or suggest silence alone in a single statutory section clearly limits or takes away the state's right to appeal. Instead, the court of appeals concluded the General Assembly, as indicated by four sections of the SVP Act, "clearly intended to limit appeals to one specific instance, viz: a determination under [sec.] 632.495 that a person is a sexually violent predator." *Id.* at 868.

[4] This Court has held "[s]ection 512.020(5) does not require that the aggrieved party be a 'party' in the sense that he either has or is subject to a pending claim, notwithstanding the

The state is a party to the suit because motions brought under section 547.031 must be brought against the state. *Prosecuting Att'y, 21st Jud. Cir., ex rel. Williams v. State*, 696 S.W.3d 853, 867 (Mo. banc 2024). This ensures the circuit court can grant the requested relief of vacating or setting aside a conviction. *Id.*; *see also State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 161 (Mo. banc 2007) ("Because there is no party to this proceeding that maintains the registry, this Court cannot grant Kauble's requested relief ordering that his name be removed from the registry."). A contrary conclusion would result in a prosecuting or circuit attorney both filing the section 547.031 motion and representing the party with the burden of proof while satisfying that burden "by merely asserting his own claims are correct." *Williams*, 696 S.W.3d at 866. "This type of one-sided proceeding cannot be squared with [section] 547.031 or this Court's case law." *Id.* The state is a party to the suit because the circuit attorney, in filing the section 547.031 motion, sought to vacate or set aside Dunn's convictions obtained by the state.

The state is aggrieved by the circuit court's amended judgment vacating the convictions because the state has an interest in the finality of its convictions, and the circuit court's amended judgment vacated or set aside those convictions.[5] *Fulton*, 659

---

effects of the judgment of which he complains." *Robinson v. Mo. Dep't of Health & Senior Servs.*, 672 S.W.3d 224, 231 n.2 (Mo. banc 2023) (internal quotation omitted). Nevertheless, for the reasons set out in this opinion, the state is a "party" subject to a claim in a section 547.031 proceeding because the state's conviction is being challenged.

[5] In *Sengheiser*, this Court noted Dunn's "release from prison would not moot the attorney general's pending appeal. If the attorney general is successful … and the circuit court's judgment is reversed, a warrant can be issued ordering Dunn to be taken in to custody and returned to [prison] to continue serving his original sentence." 692 S.W.3d

S.W.3d at 914 ("Collateral attacks on a final judgment in a criminal case are permitted only as provided by statute or rule, and courts must enforce the mandatory procedures of those proceedings to prevent duplicative and unending challenges to the finality of a judgment." (internal citation and quotation omitted)); *see also Hudson v. Joplin Reg'l Stockyards, Inc.*, 701 S.W.3d 862, 865 (Mo. banc 2024) (noting "aggrieved" in section 512.020 "means 'showing grief, injury, or offense; having a grievance; *specif*: suffering from an infringement or denial of legal rights'" (quoting *Aggrieved*, *Webster's Third New Int'l Dictionary* (3d ed. 2002))); *Blanchette v. Blanchette*, 476 S.W.3d 273, 278 (Mo. banc 2015) (holding a party is aggrieved under section 512.020 "when, as an immediate consequence, the judgment operates prejudicially and directly on her rights or interests").

To be clear, the state, not the attorney general, is an aggrieved party in the underlying section 547.031 action. The attorney general is not a party but, instead, entered an appearance as counsel for the state in the action and filed a notice of appeal on behalf of the state, both of which are allowed by statute. *See* sec. 27.060 ("The attorney general shall … enforce any and all rights, interests or claims against any and all persons … in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved."); sec. 27.050 ("The attorney general shall appear on behalf of the state in the court of appeals and in the supreme court and have the management of

___

at 26 n.11. Contrary to the circuit attorney's suggestion, the pending appeal is not moot even though Dunn has been released and the circuit attorney elected not to retry Dunn.

7

and represent the state in all appeals to which the state is a party other than misdemeanors and those cases in which the name of the state is used as nominal plaintiff in the trial court.").

In summary, section 512.020(5) grants any aggrieved party in a civil action the right to appeal from a final judgment or a special order after final judgment. The state is an aggrieved party under section 512.020(5) and has the right to appeal the circuit court's amended judgment vacating Dunn's convictions under section 547.031.[6]

Section 547.031 does not alter the analysis concerning the state's right to appeal under section 512.020(5) as an aggrieved party to a final judgment in a civil action. Section 547.031.4 provides:

> The prosecuting attorney or circuit attorney shall have the authority and right to file and maintain an appeal of the denial or disposal of such a motion [to vacate or set aside the judgment]. The attorney general may file a motion to intervene and, in addition to such motion, file a motion to dismiss the motion

---

[6] The dissenting opinion incorrectly asserts both Dunn and the circuit attorney may have the right to appeal under section 512.020(5) because *Johnson* did not decide whether a convicted person or a prosecuting or circuit attorney is an aggrieved party under section 512.020(5). Because section 547.031 was enacted in response to *Johnson* and did not exist when *Johnson* was decided, *Johnson* did not determine any issue under section 547.031. Section 547.031 is not silent as to the right of a prosecuting or circuit attorney to appeal and, instead, sets out the one instance in which a prosecuting or circuit attorney may appeal. Sec. 547.031.4. In explicitly limiting the right to file a section 547.031 motion to a prosecuting or circuit attorney and in likewise explicitly limiting the right to appeal a section 547.031 denial to a prosecuting or circuit attorney, the General Assembly has clearly limited or taken away any right of a convicted person to file a section 547.031 motion or to appeal a section 547.031 denial. Because the General Assembly has specified who may file a section 547.031 motion and who may appeal a section 547.031 denial, section 547.031 controls as to these issues and the more general section 512.020(5) does not apply to grant any right to appeal a section 547.031 denial or other disposal to a convicted person or a prosecuting or circuit attorney.

to vacate or to set aside the judgment in any appeal filed by the prosecuting or circuit attorney.

The circuit attorney asserts the state has no right to appeal under section 547.031.4; that section 547.031.4 applies instead of the more general section 512.020(5); and that, if the General Assembly had intended both the state and the circuit attorney to have the right to appeal, then it either would have so stated in section 547.031.4 or would have said nothing about the right to appeal so section 512.020 would govern.

The circuit attorney's argument fails to acknowledge Missouri law before enactment of section 547.031. Before the General Assembly enacted section 547.031, an offender sentenced to death could raise a freestanding claim of actual innocence by writ of habeas corpus. *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 547 (Mo. banc 2003). In *Johnson*, this Court considered directly whether a motion for new trial could be used to challenge the convictions of an offender not sentenced to death on the basis of newly discovered evidence of actual innocence. 617 S.W.3d at 444. In 1995, the St. Louis circuit court sentenced Johnson to life in prison without the possibility of parole after he was found guilty of first-degree murder and armed criminal action. *Id.* at 441. In 2019, the circuit attorney filed a motion for new trial asserting newly discovered evidence established Johnson's actual innocence. *Id.* The circuit court dismissed the motion, concluding the circuit attorney was not permitted to file such a motion and the motion was untimely in any event as it was filed decades after the verdict entry. *Id.* Johnson appealed, and the circuit attorney also appealed on behalf of the state. *Id.* This Court dismissed the only appeal before it, Johnson's appeal, because Johnson had no statutory

9

right to appeal the circuit court's order dismissing the circuit attorney's motion for new trial. *Id.* at 444. This Court could not hear Johnson's appeal because "[a]n appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Id.* (internal quotation omitted). The circuit attorney, likewise, had no right to appeal. *Id.* at 441. The court of appeals permitted the attorney general to dismiss the circuit attorney's appeal filed on behalf of the state because section 27.050 provides the attorney general, not a prosecuting or circuit attorney, "shall appear on behalf of the state" in appeals. *Id.* (alteration omitted). One of the concurring opinion authors in *Johnson* suggested an independent action in equity represented the best method for correcting a wrongful conviction not involving a death sentence "[u]nless and until the legislature adopts a law authorizing a circuit or prosecuting attorney to file a motion for new trial upon discovery of evidence indicating a wrongful conviction[.]" *Id.* at 446 (Draper, J., concurring).[7]

After *Johnson*, the General Assembly enacted section 547.031, effective August 28, 2021, which provides "[a] prosecuting or circuit attorney, in the jurisdiction in which a person was convicted of an offense, may file a motion to vacate or set aside the judgment at any time if he or she has information that the convicted person may be innocent or may have been erroneously convicted." Sec. 547.031.1. The statute requires

---

[7] In *Johnson*, the Court noted nothing in the opinion prohibited Johnson from seeking relief by filing a habeas petition asserting gateway claims in the circuit court. 617 S.W.3d at 445 n.8. Another concurring opinion author cited multiple cases in which the Court granted habeas relief in cases not involving a death sentence. *Id.* at 449 n.3 (Stith, J., concurring).

10

the circuit court to "order a hearing" and "issue findings of fact and conclusions of law on all issues presented." Sec. 547.031.2. The circuit court shall "vacate or set aside the judgment where the court finds that there is clear and convincing evidence of actual innocence or constitutional error at the original trial or plea that undermines the confidence in the judgment." Sec. 547.031.3. Section 547.031.4 explicitly provides a statutory right to appeal to a prosecuting or circuit attorney: "The prosecuting attorney or circuit attorney shall have the authority and right to file and maintain an appeal of the denial or disposal of such a motion."[8] Section 547.031.4 explicitly grants prosecuting and circuit attorneys a statutory right to appeal because, under *Johnson*, neither had a right to appeal. The Court presumes the General Assembly was aware of *Johnson* when it enacted section 547.031. *See State v. Onyejiaka*, 671 S.W.3d 796, 800 n.6 (Mo. banc 2023) ("It is a cardinal rule of statutory interpretation that [t]he legislature is presumed to know the existing law when enacting a new piece of legislation." (alteration in original) (internal quotation omitted)). Section 547.031.4 addresses the issue in *Johnson* by explicitly granting prosecuting and circuit attorneys the statutory right to appeal any judgment entered under section 547.031. Had section 547.031.4 not explicitly granted this right, they would have had no right to appeal under *Johnson*.

---

[8] As this Court noted in *Williams*, section 547.031 also grants the attorney general the right to participate in an appeal by a prosecuting or circuit attorney when it allows the attorney general to "file a motion to intervene and, in addition to such motion, file a motion to dismiss the motion to vacate or to set aside the judgment in any appeal filed by the prosecuting or circuit attorney." *Williams*, 696 S.W.3d at 867 (quoting sec. 547.031.4).

11

Contrary to the circuit attorney's argument, however, had the General Assembly in section 547.031.4 set out for the state the same right to appeal, such grant of the right to appeal would have been nonsensical and mere surplusage because, as set out above, the state has the statutory right to appeal under section 512.020(5) as an aggrieved party to the circuit court's final judgment sustaining the circuit attorney's motion to set aside or vacate Dunn's convictions.

**Conclusion**

The State of Missouri has the right, under section 512.020(5), to appeal the amended judgment sustaining the circuit attorney's motion to vacate or set aside Dunn's convictions under section 547.031. This Court retransfers the cause to the court of appeals to overrule the circuit attorney's motion to dismiss and proceed with the state's appeal on the merits. No Rule 84.17 motions are permitted.

_____
Ginger K. Gooch, Judge

Fischer, Ransom, and Broniec, JJ.,
concur; Powell, J., dissents in
separate opinion filed; Russell, C.J.,
and Wilson, J. concur in opinion of
Powell, J.



# SUPREME COURT OF MISSOURI
## en banc

IN RE: CIRCUIT ATTORNEY, 22nd )
JUDICIAL CIRCUIT EX REL. )
CHRISTOPHER DUNN, )
                                         )      No. SC100878
          Respondent. )
                                         )

## DISSENTING OPINION

I respectfully dissent.  Missouri law does not authorize the attorney general to appeal the circuit court's disposition of a motion to vacate or set aside a criminal conviction filed pursuant to section 547.031.[1]  Section 547.031 authorizes only the prosecuting or circuit attorney to pursue such an appeal.  Section 512.020 also does not authorize the attorney general to initiate an appeal in this proceeding.[2]  While section 512.020 generally grants the right of appeal to any aggrieved party in a civil action, a motion to vacate or set aside a criminal conviction filed pursuant to section 547.031 is a special statutory proceeding that clearly limits the attorney general's right to appeal.  Accordingly, this appeal should be dismissed.

---

[1] All statutory references are to RSMo Supp. 2023 unless otherwise noted.  Section 547.031 was amended effective August 28, 2024, but the amendment does not affect this appeal.
[2] All references to section 512.020 are to RSMo 2016.

The Missouri Constitution does not guarantee any right to appeal. Instead, as the principal opinion notes, "[i]n Missouri, the right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." *Fannie Mae v. Truong*, 361 S.W.3d 400, 403 (Mo. banc 2012) (internal quotations omitted). "[T]his Court cannot invade the General Assembly's province to create a right of appeal where none exists." *J.I.S. v. Waldon*, 791 S.W.2d 379, 379 (Mo. banc 1990).

Section 547.031 does not provide the statutory authority to support the attorney general's appeal. "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *D.E.G. v. Juv. Officer of Jackson Cnty.*, 601 S.W.3d 212, 216 (Mo. banc 2020) (internal quotations omitted). The plain language of section 547.031 does not give the attorney general the right to appeal a judgment vacating or setting aside a conviction under the statute. Section 547.031.4 states:

> ***The prosecuting attorney or circuit attorney shall have the authority and right to file and maintain an appeal*** of the denial or disposal of such a motion. The attorney general may file a motion to intervene and, in addition to such motion, file a motion to dismiss the motion to vacate or to set aside the judgment ***in any appeal filed by the prosecuting or circuit attorney***.

(Emphasis added). While the statute unambiguously gives the right to appeal to "the prosecuting attorney or circuit attorney," the legislature makes clear the attorney general has a separate role with separate rights, including in appeals. Section 547.031.4 allows "[t]he attorney general [to] file a motion to intervene" and to "file a motion to dismiss the motion to vacate or to set aside the judgment in any ***appeal filed by the prosecuting or circuit attorney***." (Emphasis added). The language of section 547.031 plainly does not

2

afford the attorney general the right to initiate an appeal.

The attorney general also does not have a right under section 512.020 to appeal the circuit court's disposition of a motion brought under section 547.031. Section 512.020 does generally provide aggrieved parties in a civil action the right to an appeal. But "[s]ection 512.020 only confers jurisdiction where appeal is not … clearly limited in special statutory proceedings. In interpreting this section, this Court has held that, where a separate appeals process is specified by law, the general provision contained in section 512.020 is inapplicable." *Abmeyer v. State Tax Comm'n*, 959 S.W.2d 800, 802 (Mo. banc 1998) (alteration in original) (citing *J.I.S.*, 791 S.W.2d at 379).[3] Section 547.031 is a special statutory proceeding and clearly limits who may pursue an appeal. *Salcedo v. Salcedo*, 34 S.W.3d 862 (Mo. App. 2001), *superseded by* section 632.495, RSMo Supp. 2009, is instructive in reaching this conclusion.

In *Salcedo*, the attorney general brought an action seeking civil commitment of Salcedo under the legislatively enacted Sexually Violent Predator Act ("SVP Act"). *Id.* at 866. The circuit court found against the attorney general and entered judgment ordering Salcedo's release. *Id.* The attorney general appealed. *Id.* Salcedo filed a motion to dismiss the appeal because the SVP Act was silent as to the attorney general's right to appeal the challenged ruling. *Id.* The attorney general alleged, in part, a right to appeal under section

---

[3] In *J.I.S.*, this Court held a juvenile officer had no right to appeal under section 512.020 because the special statutory proceeding was silent as to her right to appeal. 791 S.W.2d at 379. This Court provided minimal analysis but reasoned that giving the juvenile officer a right to appeal when none existed in the statute would "invade" the legislature's province. *Id*.

3

512.020. *Id.* The court of appeals held section 512.020 did not give the attorney general the right to appeal because the procedure for involuntary civil commitment of sexually violent predators set out in the SVP Act is a "special statutory proceeding" that "clearly limited" the authority to appeal. *Id.* at 867.

To reach this holding, the court of appeals performed a two-prong analysis. First, the court of appeals analyzed whether an action under the SVP Act is a "special statutory proceeding."[4] *Id.* The court of appeals concluded it was. *Id.* The court of appeals noted the procedure created by the SVP Act is used *only* in the specific instances described in the statute – when the attorney general "files a petition for civil commitment of an alleged sexually violent predator" – and "[t]he procedure is entirely a creature of statute; it exists nowhere else in Missouri jurisprudence." *Id.*

Next, the court of appeals analyzed whether the right to appeal a proceeding under the SVP Act is "clearly limited" within the meaning of section 512.020. *Id.* The court of appeals determined the right to appeal was clearly limited under the SVP Act. *Id.* at 868. As the court of appeals highlighted, the SVP Act delineated specific procedural and substantive rights for specific individuals at different phases of the SVP Act's procedure. *Id.* But the SVP Act provided the right to appeal in only one specific instance – if a court or jury determined an individual is a sexually violent predator, the statute authorized the committed person to seek an appeal. *Id.* at 867-69. The legislature's silence in the SVP Act as to the attorney general's right to appeal led the court of appeals to "the inescapable

---

[4] Section 512.020 does not define what constitutes a "special statutory proceeding."

4

conclusion" that the legislature "'clearly limited' the right to appeal in the special statutory proceeding created by the SVP Act . . . ." *Id.* at 869.

Following the analysis in *Salcedo* produces the same outcome here. First, section 547.031 is a "special statutory proceeding." Like the SVP Act, section 547.031 provides for a special, previously unrecognized cause of action and sets forth its own standards and procedure for this new type of claim.[5] This procedure may be used only in the specific instance described in the statute – when a "prosecuting or circuit attorney, in the jurisdiction in which charges were filed" has "information that the convicted person may be innocent or may have been erroneously convicted" and files "a motion to vacate or set aside the judgment." Section 547.031.1, RSMo Supp. 2024. This procedure was also entirely created by the legislature's enactment of section 547.031. As the principal opinion notes, the Missouri legislature enacted section 547.031 in response to this Court's holding in *State v. Johnson*, 617 S.W.3d 439, 444-45 (Mo. banc 2021), seeking to remedy a perceived gap in Missouri's postconviction law. Prior to the passage of section 547.031, a prosecuting attorney had no mechanism to vacate or set aside a judgment despite having information the convicted person may be innocent. *Id.* Thus, clearly the procedure set out in section 547.031 "is entirely a creature of statute; it exists nowhere else in Missouri jurisprudence." *Salcedo*, 34 S.W.3d at 867. Section 547.031, therefore, undoubtedly creates a "special statutory proceeding."

---

[5] For example, section 547.031 specifies who may file a motion under the statute, which court has jurisdiction to hear the motion, what the court must do at each phase of the proceeding, and what standard of analysis the court must use. *See generally* section 547.031.

Next, pursuing an appeal under section 547.031 is "clearly limited" within the meaning of section 512.020. Like the SVP Act in *Salcedo*, section 547.031 delineates specific rights to specific individuals. Section 547.031.2 specifically gives the attorney general the right to appear, question witnesses, and make arguments in a hearing on a motion to vacate or set aside the judgment; section 547.031.4 specifically gives the prosecuting or circuit attorney the right to appeal; and section 547.031.4 specifically gives the attorney general the right to file a motion to intervene and a motion to dismiss in any appeal initiated by the prosecuting or circuit attorney. The legislature's silence as to the ***attorney general's*** right to initiate an appeal should lead this Court to "the inescapable conclusion" that the legislature "clearly limited" the right to appeal in the special statutory proceeding created by section 547.031. *See Salcedo*, 34 S.W.3d at 869.

Because neither section 547.031 nor section 512.020 gives the attorney general the right to appeal the circuit court's judgment vacating Christopher Dunn's convictions, the attorney general's appeal should be dismissed.[6]

The principal opinion reaches a different conclusion, declaring the attorney general represents the state on appeal, and the state is an aggrieved party with a right to appeal under section 512.020(5). But this finding fails to adequately acknowledge the language

---

[6] Likewise, section 27.050 does not authorize an appeal in this matter. Section 27.050 provides "[t]he attorney general shall appear on behalf of the state in the court of appeals and in the supreme court and have the management of and represent the state in all appeals to which the state is a party . . . ." This provision authorizes the attorney general to appear on behalf of the state in appeals pursued in Missouri; but it does not grant the right to appeal where the right does not otherwise exist, nor does it authorize the attorney general, either individually or on behalf of the state, to initiate and pursue an appeal of a section 547.031 proceeding.

6

in section 512.020 that restricts the appellate rights of aggrieved parties.  Section 512.020, though broadly applicable in civil actions, imposes limits on the right to appeal when that right is "clearly limited in special statutory proceedings."  The principal opinion states there is no need to decide whether a claim brought under section 547.031 is a "special statutory proceeding" and then summarily concludes section 547.031.4, by its silence, does not clearly limit the state, as represented by the attorney general, from initiating and pursuing an appeal.  This position fails to give proper deference to the legislature's authority to govern the right to appeal and this Court's prior cases recognizing this authority.  *See J.I.S.*, 791 S.W.2d at 379.[7]

---

[7] The principal opinion suggests sections 512.020 and 547.031 can be read in harmony – section 512.020 granting the state, represented by the attorney general, a right to appeal as an aggrieved party and section 547.031.4 granting the prosecuting or circuit attorney a right to appeal.  But this reading, in addition to invading the province of the legislature, could render superfluous the legislature's language in section 547.031.4 conferring a right to appeal to prosecuting and circuit attorneys because they, like the state, would certainly be aggrieved by an adverse ruling in a section 547.031 proceeding.  *See Alberici Constructors, Inc. v. Dir. of Revenue*, 452 S.W.3d 632, 638 (Mo. banc 2015) ("This Court presumes that the legislature did not insert idle verbiage or superfluous language in a statute." (internal quotations omitted)).

Much like the state's "interest in the finality of . . . convictions" appropriately highlighted by the principal opinion, prosecuting and circuit attorneys have an interest in the integrity of the convictions pursued and obtained by their offices.  Section 547.031 gave prosecuting and circuit attorneys a mechanism to vacate wrongful convictions their offices prosecuted, and those attorneys are aggrieved when a circuit court denies such relief.  If the circuit attorney, like the state, can be an aggrieved party under section 512.020, the specific language in section 547.031.4 granting the right to appeal is redundant and superfluous.  Under the principal opinion's harmonized interpretation of sections 512.020 and 547.031, it was likely unnecessary for the legislature to address the right to appeal at all in section 547.031; instead, the legislature could have relied on section 512.020 to provide this right.

Moreover, if the state is aggrieved by an adverse ruling in a section 547.031 proceeding and entitled to pursue an appeal, then individuals in Dunn's position would also

Following the court of appeals' decision in *Salcedo*, the legislature chose to amend the SVP Act to give the attorney general the right to appeal. This is the proper remedy to provide the right to appeal to the attorney general in this special statutory proceeding. If the legislature intended to give the attorney general the right to appeal under section 547.031, the legislature should statutorily specify this right as it did in the amended SVP Act.

---

have an argument that they have the right to appeal. Under the principal opinion's broad interpretation of sections 512.020 and 547.031, it seems only logical that a convicted offender would be deemed aggrieved by an adverse ruling in a section 547.031 proceeding and possess the same right to appeal under section 512.020 as the state.

This Court's holding in *Johnson*, 617 S.W.3d 439, does not preclude Dunn or prosecuting and circuit attorneys from asserting the right to appeal under section 512.020. First, *Johnson* involved an appeal of a denial of motion for a new trial filed pursuant to Rule 29.11 in Johnson's underlying criminal case. *Id.* at 441-43. Thus, the appeal was from a ruling in a ***criminal*** – not civil – case. Accordingly, section 512.020, which generally governs civil appeals, was inapplicable, and this Court held there was "no statute authorizing an appeal by the defendant in this ***criminal*** case." *Id.* at 445 (emphasis added). Unlike the underlying claim in *Johnson*, and as the principal opinion acknowledges, this section 547.031 action is a civil proceeding, which invokes the applicability of section 512.020 to an appeal pursued by convicted offenders like Dunn and prosecuting and circuit attorneys. Second, this Court in *Johnson* never held that the circuit attorney lacked the authority to appeal the circuit court's decision overruling the Rule 29.11 motion. The Court merely recognized that the circuit attorney's appeal was dismissed by the court of appeals, and "the only appeal before this Court [was] Johnson's appeal." *Id.* at 441. Consequently, *Johnson* is not instructive, and it remains to be seen whether criminal offenders and prosecuting and circuit attorneys would share the same right to appeal as the state under section 512.020 as the principal opinion holds. This potential expansion of the right to appeal section 547.031 proceedings can all be avoided by simply following the plain and ordinary language of section 547.031, which limits the right to appeal to prosecuting and circuit attorneys.

8

In the meantime, this Court must "give effect to legislative intent as reflected in the plain language of the statute at issue," *D.E.G.*, 601 S.W.3d at 216 (internal quotations omitted), and not "invade the General Assembly's province to create a right of appeal where none exists," *J.I.S.*, 791 S.W.2d at 379. For these reasons, I respectfully dissent.

_____
W. Brent Powell, Judge